FRANCISCO A. TORRES CAMACHO, ETC., demandantes y peticionarios, *v.* DEPARTAMENTO DE RECREACIÓN Y DEPORTES, y COMPAÑÍAS ASEGURADORAS denominadas EQUIS, y JOHN DOE y RICHARD DOE, demandados y recurridos.

*Número:* O-83-652     *Resuelto:* 7 de marzo de 1984

*Aurelio Gracia Morales,* abogado de la parte recurrente; *Miguel Pagán, Subprocurador General,* y *Gerardo Mariani Padilla, Procurador General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

Mediante trámite de mostrar causa, revisamos la corrección del dictamen del Tribunal Superior, Sala de Carolina, que desestima una demanda por el fundamento de carecer el Departamento de Recreación y Deportes de personalidad jurídica.

### I

El estatuto original creador de la Administración de Parques y Recreo Públicos, 15 L.P.R.A. sec. 1 *et seq.,* concedió a ésta personalidad jurídica. Además, podía demandar y ser demandada, 15 L.P.R.A. sec. 2. Así lo reconocimos en *Texidor* v. *Admon. de Parques,* 85 D.P.R. 877 (1962), y *Canchani* v. *C.R.U.V.,* 105 D.P.R. 352 (1976). Ese estatuto fue parcialmente derogado en todo aquello que estuviera en conflicto con la nueva "Ley Orgánica del Departamento de Recreación y Deportes", 3 L.P.R.A. sec. 442w y x. Esta última, con carácter de departamento ejecutivo, estableció el Departamento de Recreación y Deportes como sustituto. 3 L.P.R.A. sec. 442b. Por disposición específica el Departamento y su Secretario son los sucesores legales del Administrador de Parques y Recreo Públicos con todos los poderes, prerrogativas y obligaciones y privilegios pertinentes a dicha posición, 3 L.P.R.A. sec. 442w. Se transfirieron al Departamento *"todas las funciones, poderes, deberes y obliga-*

*ciones*" de la Administración. (Énfasis suplido.) 3 L.P.R.A. sec. 442d.

## II

Aunque de ordinario un departamento ejecutivo no tiene personalidad jurídica, el que nos ocupa constituye una excepción creada por mandato legislativo.

Según expuesto, desde sus orígenes la administración tenía facultad para demandar y ser demandada. Por ley cedió sus poderes al nuevo departamento. Como consecuencia es ineludible concluir que éste tiene facultad para demandar y ser demandado, siempre y cuando ello no esté en conflicto con su ley orgánica. No hemos encontrado conflicto alguno entre la facultad para demandar y ser demandado y las disposiciones estatutarias. Del historial legislativo de la Ley Núm. 126 de 13 de junio de 1980, informes de las comisiones correspondientes y el debate tampoco lo hemos detectado.

La propia ley concede autoridad al departamento para acudir a los tribunales a interponer *cualesquiera remedios legales* que fueran necesarios para hacer efectivos sus propósitos, así como sus reglamentos y órdenes. 3 L.P.R.A. sec. 442f(i) y 442n(c).

Nuestra decisión en *Canchani* v. *C.R.U.V.*, supra, es enteramente armonizable. Allí resolvimos que: (1) la administración no era una corporación pública, sino una agencia gubernamental con personalidad jurídica independiente del Estado Libre Asociado, cuyas funciones ejerce en representación del Gobierno de Puerto Rico; (2) la facultad para demandar y ser demandada tenía como consecuencia remover el manto de inmunidad soberana, que clásicamente goza el Estado; y (3) la forma para adquirir jurisdicción sobre dicha entidad era demandándola y diligenciando copia de la demanda y del emplazamiento al jefe ejecutivo de la administración y al Secretario de Justicia. Allí sólo se emplazó al administrador.

En el caso ante nos se emplazó con copia de la demanda al jefe ejecutivo de la Administración de Parques y Recreo Públicos y al Secretario de Justicia. Distinto a *Canchani*, aquí se cumplió satisfactoriamente con todo el trámite.

Se expide el auto y se dicta sentencia en que se revoca la del Tribunal Superior, Sala de Carolina, fechada 16 de septiembre de 1983. Continuarán los trámites en instancia.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Asociado Señor Irizarry Yunqué emitió voto concurrente al cual se une el Juez Asociado Señor Rebollo López.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Voto concurrente emitido por el Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Asociado Señor Rebollo López.

En *Canchani* v. *C.R.U.V.*, 105 D.P.R. 352 (1976), reconoció este Tribunal que la Administración de Parques y Recreo Públicos tenía por ley personalidad jurídica propia y, por tanto, capacidad para demandar y ser demandada, aunque a su vez sostuvo que para emplazarla válidamente había que notificar con copia del emplazamiento y la demanda, además de al Administrador, al Secretario de Justicia. Ahora se sostiene que, no empece que la ley que creó a dicha Administración fue derogada, al suplantarla por el Departamento de Recreación y Deportes, ésta sigue siendo una entidad con personalidad jurídica propia. No estoy de acuerdo.

La Ley Núm. 126 de 13 de junio de 1980 (3 L.P.R.A. secs. 442a a 442x) creó "como departamento ejecutivo del Gobierno del Estado Libre Asociado de Puerto Rico, el Departamento de Recreación y Deportes". Art. 3 de dicha ley, 3 L.P.R.A. sec. 442b. El hecho de que en una cláusula general,

como es su Art. 24 (3 L.P.R.A. sec. 442w)(¹) se mantenga la vigencia provisional de disposiciones que eran aplicables a la Administración de Parques y Recreo Públicos y se transfieran al Secretario de Recreación y Deportes las funciones que antes desempeñaba el Administrador de Parques y Recreo Públicos "con todos los poderes, prerrogativas y obligaciones y privilegios pertinentes a dicha posición", según dispone dicho artículo, no puede, a mi juicio, interpretarse como para hacer distinto de los demás al nuevo departamento ejecutivo, con personalidad jurídica propia que los demás departamentos no tienen. En ausencia de una clara expresión legislativa a ese efecto, no creo que debamos así aceptarlo por vía de interpretación.

Como aquí se cumplió el requisito de emplazar al Secretario de Justicia y al Secretario de Recreación y Deportes, cumpliéndose así con lo dispuesto por la Regla Núm. 4.4(g) de las de Procedimiento Civil,(²) concurro en el resultado a que llega el Tribunal.

---

(¹) Dice así:

"*Sec. 442w. Vigencia provisional de leyes, reglas, reglamentos y órdenes*

"Todas aquellas leyes, reglas, reglamentos y órdenes aplicables a la Administración de Parques y Recreo Públicos, que no estén en conflicto con las disposiciones de este Capítulo, continuarán en vigor hasta que los mismos sean enmendados, derogados o sustituidos y se entenderá que a partir de la vigencia de esta ley, se relacionan, refieren y serán administradas por el Departamento de Recreación y Deportes y su Secretario, quien será para todos los efectos, el sucesor legal del Administrador de Parques y Recreo Públicos, con todos los poderes, prerrogativas y obligaciones y privilegios pertinentes a dicha posición."

(²) Dice así:

"(g) A un funcionario o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad y al Secretario de Justicia o a una persona designada por éste. Si la instrumentalidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e)."