OSWALDO RIVERA MALDONADO, ETC., demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO, DEPARTAMENTO DE RECREACIÓN Y DEPORTES, demandado y recurrido el último.

*Número:* R-85-117 *Resuelto:* 15 de junio de 1987

*Carlos G. Latimer,* de *Ramírez, Latimer & Biaggi,* abogado del recurrente; *Héctor Rivera Cruz, Secretario de Justicia, Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

El 28 de septiembre de 1984 los esposos Oswaldo Rivera Maldonado y María del Carmen González, la sociedad de gananciales compuesta por éstos y su hija menor, Lizaenid Rivera González, presentaron una demanda en la cual reclamaron daños y perjuicios contra el Estado Libre Asociado de Puerto Rico, la Policía de Puerto Rico y el

Departamento de Recreación y Deportes.([1]) El 13 de noviembre de 1984 el Estado y el Departamento de Recreación y Deportes contestaron la demanda y el 3 de diciembre el tribunal emitió *sua sponte* una orden dirigida a la parte demandante para que expusiera las "razones, si alguna[s], por las que no debía desestimarse la demanda en cuanto a los codemandados Policía de Puerto Rico y Departamento de Recreación y Deportes por carecer éstos de facultad para ser demandados en reclamación de daños y perjuicios". Alegato del recurrido, pág. 2. La parte demandante compareció allanándose en cuanto a la codemandada, Policía de Puerto Rico, y oponiéndose en cuanto al codemandado, Departamento de Recreación y Deportes. En apoyo a su posición, citó la sentencia de este Tribunal en *Torres* v. *Depto. Recreación y Deportes*, 115 D.P.R. 141 (1984), que por contener un voto concurrente del ex Juez Asociado Irizarry Yunqué al cual se unió el Juez Asociado Señor Rebollo López, fue publicada. En dicha sentencia este Tribunal determinó que el Departamento de Recreación y Deportes tenía personalidad jurídica y capacidad para demandar y ser demandada.

El 14 de enero de 1985 el tribunal dictó sentencia parcial que desestimó la demanda contra los codemandados Policía de Puerto Rico y Departamento de Recreación y Deportes. Estimó que debido a que *Torres* v. *Depto. Recreación y Deportes*, supra, no es una opinión del Tribunal Supremo, no establecía precedente y, por lo tanto, no venía obligado a seguirlo. Expresó que "[p]ermitir que el Departamento de Recreación y Deportes sea demandado ... [constituía] un mecanismo para evadir las limitaciones que el legislador

---

([1]) Los autos de este caso demuestran que se emplazó correctamente a las tres entidades demandadas, conforme lo dispuesto en la Regla 4.4 de Procedimiento Civil.

ha impuesto para los casos en que el Estado ha renunciado la inmunidad".(²) *Exhibit* A, págs. 1-2.

Para revisar esta sentencia parcial la parte demandante presentó, en tiempo, recurso de revisión y el 28 de marzo de 1985 expedimos el auto.(³)

En el recurso los demandantes señalan la comisión de tres (3) errores: (1) no considerar como precedente lo resuelto en *Torres* v. *Depto. Recreación y Deportes,* supra; (2) no utilizar el razonamiento jurídico de dicho caso al resolver si procedía o no la desestimación de la demanda contra el codemandado Departamento de Recreación y Deportes, y (3) desestimar la demanda contra este codemandado por constituir ésta un mecanismo para evadir las limitaciones impuestas por el legislador para los casos en que el Estado ha renunciado a su inmunidad.

El Procurador General compareció y se allana a que se revoque la sentencia que desestimó el caso contra el codemandado Departamento de Recreación y Deportes. Adujo como fundamento que por haber sido publicada la sentencia en *Torres* v. *Depto. Recreación y Deportes,* supra, ésta era citable como autoridad. Apoyó su posición en el primer escolio que aparece en *Sánchez* v. *A.S.R.E.G.J.,* 116 D.P.R. 372 (1985).(⁴)

---

(²) Citó la Ley de Pleitos contra el Estado Libre Asociado de Puerto Rico, Ley Núm. 104 de 29 de mayo de 1955, según enmendada, 32 L.P.R.A. secs. 3074-3092.

(³) Por no cumplirse los requisitos que establece la Regla 43.5 de Procedimiento Civil de 1979, la sentencia dictada no es final. Consideramos el auto de revisión presentado como un *certiorari, Asociación de Propietarios* v. *Santa Bárbara Co.,* 112 D.P.R. 33 (1982).

(⁴) El primer escolio de *Sánchez* v. *A.S.R.E.G.J.,* 116 D.P.R. 372, 375 (1985), expone:

"El juez sentenciador del Tribunal a quo actuó correctamente al acatar nuestra decisión en *Miró* v. *Sistema de Retiro de Empleados,* 112 D.P.R. 678 (1982), no empece su criterio en contrario expresado en su sentencia que fuera objeto de nuestra decisión en dicho caso. Dicha decisión se produjo no por opinión y sí por sentencia de este Tribunal, pero no obstante el pronunciamiento de *Figueroa*

# I

*Cuándo una decisión del Tribunal Supremo de Puerto Rico establece precedente*

Para asegurar que las decisiones de este Tribunal que constituyen autoridad o precedente estén accesibles al público en general, hemos dispuesto mediante reglamento que se publicarán todas aquellas decisiones emitidas que tengan opinión firmada o *per curiam*. Regla 44(b) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A.[5] Conforme al Reglamento, las decisiones, con opinión firmada o *per curiam*, se publican oficialmente por el propio Tribunal o por el Colegio de Abogados de Puerto Rico y pueden ser citadas como autoridad o precedente.[6] A manera de excepción y mediante orden expresa nuestra, se puede remitir para publicación una sentencia emitida sin opinión.

Nada de lo antes expresado impide que con sujeción al Reglamento cualquier Juez de este Tribunal que emita una opinión concurrente o disidente o voto particular en relación con una decisión sin opinión del Tribunal, la certifique para que sea enviada al Compilador y Publicista de Jurispru-

---

*Méndez* v. *Tribunal Superior*, 101 D.P.R. 859, 862 (1974), es citable por haber sido publicada ya que fue una decisión dividida en que dos jueces disintieron mediante opinión."

[5] Regla 44(b) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A:

"(b) Todas las decisiones del Tribunal que tengan opinión (ya fuere firmada o *per curiam*) serán remitidas por el Secretario al Compilador y Publicista de Jurisprudencia, y al Colegio de Abogados, para su correspondiente publicación. Excepto mediando orden expresa del Tribunal, no se remitirán para publicación las sentencias de este Tribunal que se emitan sin una opinión.".

[6] Regla 44(c) del Reglamento del Tribunal Supremo, *supra*:

"(c) En vista de que las sentencias no publicadas no están accesibles al público en general, se considerará impropio el citar como autoridad o precedente ante cualquier foro una decisión de este Tribunal que no se haya emitido mediante opinión, o que no haya sido publicada por el Colegio de Abogados o por el propio Tribunal."

dencia del Tribunal y al Colegio de Abogados de Puerto Rico para su publicación.

Se considerará que no es apropiado citar como autoridad o precedente las sentencias que no constituyen opinión del Tribunal. Bajo esta perspectiva se entiende por qué una sentencia sin opinión, cuya publicación no ha sido ordenada por este Tribunal y que ha sido publicada por razón de que un Juez de este Tribunal ha certificado una opinión concurrente o disidente o un voto particular, no tiene valor de precedente y sí el valor persuasivo intrínseco de sus fundamentos.[7]

El caso de *Torres* v. *Depto. Recreación y Deportes*, supra, es una sentencia de este Tribunal emitida sin opinión que al contener un voto concurrente fue publicada. Este caso, por no constituir precedente, no obligaba al tribunal de instancia, aunque sí podía ser citado con valor persuasivo para guiarlo al tomar su decisión. El primer error señalado no se cometió.

## II

*La personalidad jurídica del Departamento de Recreación y Deportes*

 Persona, en el sentido jurídico, es todo ser o

---

(7) Como regla general "[l]as normas, así como la interpretación de cualquier disposición legal, la establece este Tribunal mediante dictamen sostenido por una opinión o por una opinión *per curiam*, en la cual se consideran ampliamente las cuestiones envueltas y se fundamentan con razonamientos, precedentes explicados y tratadistas reconocidos. El Tribunal resuelve un caso por sentencia cuando el mismo plantea cuestiones reiteradamente resueltas por este Tribunal. Una sentencia no establece norma, y menos revoca una establecida. La sentencia es la forma que utiliza el Tribunal para disponer lo más rápidamente posible del enorme número de casos que tiene que resolver. Sólo intenta resolver la controversia entre las partes. Por eso es que los jueces de instancia no deben fundar sus fallos en dichas sentencias". *Figueroa Méndez* v. *Tribunal Superior*, 101 D.P.R. 859, 862–863 (1974), voto concurrente del ex Juez Asociado Señor Dávila en el cual concurrieron los seis Jueces Asociados.

entidad capaz de derechos y obligaciones. "Persona jurídica es, pues, la colectividad de personas o conjunto de bienes que, organizado para la realización de un fin permanente, obtiene el reconocimiento del Estado como sujeto de derecho." D. Espín Cánovas, *Manual de Derecho Civil Español*, 6ta ed., Madrid, Ed. Rev. Der. Priv., 1977, Vol. I, Cap. VI, pág. 370. "Esta recibe su personalidad directamente de la ley, por la que los límites de sus facultades, derechos y responsabilidades están fijados por la ley creadora. La persona jurídica es un ente transindividual al que el ordenamiento reconoce subjetividad." J. Lacruz Berdejo, *Parte General del Derecho Civil*, Barcelona, Ed. Bosch, Vol. 2, Personas, Cap. V, Sec. 31, pág. 176. "[E]l problema de su capacidad no es problema teórico, sino una cuestión de Derecho positivo, variable en cada ordenamiento jurídico." Espín Cánovas, *op. cit.*, pág. 383.

 Pasemos, pues, a analizar la Ley Orgánica del Departamento de Recreación y Deportes, Ley Núm. 126 de 13 de junio de 1980 (3 L.P.R.A. secs. 442–442y) la cual creó un nuevo departamento ejecutivo de gobierno a nivel de gabinete y abolió la Administración de Parques y Recreo Públicos (en adelante Administración). El nuevo Departamento de Recreación y Deportes, con funciones y poderes ampliados, advino como sucesor legal de la mencionada Administración. Con el propósito de no interrumpir los programas gubernamentales de recreación y deportes, se le transfirieron al nuevo departamento *todas* las funciones, facultades, bienes y personal de la Administración. Art. 5 de la Ley Núm. 126, *supra*, 3 L.P.R.A. sec. 442d; Informe Conjunto de las Comisiones de Gobierno y de Recreo y Deportes de la Cámara de Representantes del Estado Libre Asociado de Puerto Rico sobre el Proyecto de Ley Sustitutivo del P. de la S. 1199, de 8 de mayo de 1980. También se dispuso que "[t]odas las leyes, reglas,

reglamentos y órdenes aplicables a la [Administración] que no [estuviesen] en conflicto con las disposiciones de [dicha Ley continuarían] en vigor". Art. 24 de la Ley Núm. 126, *supra*, 3 L.P.R.A. sec. 442w.[8]

Entre "las funciones, poderes, deberes y obligaciones", que por no estar en conflicto con la ley orgánica que creó el Departamento de Recreación y Deportes fueron transferidos de la Administración al nuevo departamento, está el poder para "demandar y ser demandada, denunciar y ser denunciada, querellar y defenderse ante todos los tribunales". 15 L.P.R.A., sec. 2. Al interpretar esta disposición en *Canchani* v. *C.R.U.V.*, 105 D.P.R. 352, 357 (1976), dijimos que la Administración gozaba de *personalidad jurídica* restringida, que se le había otorgado capacidad para demandar y ser demandada y que esto entrañaba una renuncia a la inmunidad soberana, quitándole así al Estado la protección que dicha inmunidad le ofrecía.

Resolvemos que a pesar de que, como regla general, un departamento ejecutivo no tiene personalidad jurídica, el Departamento de Recreación y Deportes constituye una excepción creada por mandato legislativo.

Por todo lo antes expuesto *se dictará la sentencia correspondiente en la cual se revoca la sentencia parcial de 14 de enero de 1985 y se devuelve el caso para que continúen los procedimientos de forma compatible con esta opinión.*

Los Jueces Asociados Señores Rebollo López y Ortiz, no obstante estar conformes con lo expresado en la parte I de

---

[8] El Art. 25 de la Ley Núm. 126 de 13 de junio de 1980 (3 L.P.R.A. sec. 442x) a su vez dispuso para la derogación de todas las leyes, reglas y reglamentos que estuviesen en conflicto con dicha ley.

la opinión emitida por el Tribunal, disienten del resultado a que se llega en la misma a los efectos de que el Departamento de Recreación y Deportes del Estado Libre Asociado de Puerto Rico es un departamento con personalidad jurídica propia; ello por los fundamentos expuestos en la opinión disidente que se emitiera en *Torres* v. *Depto. Recreación y Deportes*, 115 D.P.R. 141 (1984).