Aida I. Oquendo Graulau<br>
Secretaria General

### ESCOLIOS 97 DTA 126

**1.** Véase, también, como ilustración: *Miranda v. E.L.A.*, ___ D.P.R. ___ (1994), op. de 7 de diciembre de 1994, **94 J.T.S. 152;** *Ramos Robles v. García Vicario,* ___ D.P.R. ___ (1993), op. de 20 de diciembre de 1993, **93 J.T.S. 167;** *Rivera Jiménez v. Garrido & Co.,* ___ D.P.R. ___ (1993), op. de 13 de diciembre de 1993, **93 J.T.S. 158.**

**2.** Véase las siguientes referencias citadas en *Santini Rivera v. Serv. Air, Inc., supra*; J. Santos Briz, *La Responsabilidad Civil,* 2da ed., Madrid, Ed. Montecorvo, 1977, pág. 126; M. Albaladejo, *Comentarios al Código Civil y Compilaciones Forales,* Madrid, Ed. Edersa, 1984, t. XXIV, pág. 156; H.M. Brau, *Los Daños y Perjuicios Extracontractuales en Puerto Rico,* 2da ed., San Juan, **Publicaciones J.T.S.**, 1986, Vol.1, Cap. VIII, pág. 427.

**3.** En relación al carácter resarcitorio del Art. 1802, véase también, *Riley v. Rodríguez Pacheco*, 119 D.P.R. 762, 804 (1987); *Odriozola v. Cosmetic Dist. Corp.*, 116 D.P.R. 485 (1985); *Atiles v. McClure,* 87 D.P.R. 865 (1963); *Vda. de Valentín v. E.L.A.,* 84 D.P.R. 112 (1961).

# 97 DTA 127

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE BAYAMON
### PANEL I

MARIE SONIA MORALES BARRETO, ET AL
Recurrente

v.

JUNTA DE PLANIFICACION

Recurrida

DR. ALAN SILBER BENDER
Parte Concesionaria de la Autorización

Núm. KLRA-96-00021

San Juan, Puerto Rico, a 9 de junio de 1997

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Broco Oliveras y Urgell Cuebas

## TEXTO COMPLETO DE LA RESOLUCION

La parte recurrente, Marie Sonia Morales Barreto et al., solicita que revisemos una decisión administrativa de zonificación emitida por la Junta de Planificación autorizando un cambio de zonificación de Distrito Residencial Tres (R-3) a Distrito Comercial Liviano (CL). La parte recurrente nos se ̃ala que la Junta no cumplió con el procedimiento dispuesto por ley y que, además, actuó arbitraria y caprichosamente  De otro lado, el Dr. Alan Silber Bender, parte concesionaria, alega que la Junta cumplió con todos los requisitos de ley y su decisión está dentro del ámbito de la discreción administrativa.

Durante la vista oral en este caso, requerimos de la Junta que elevara ante nosotros copia certificada del récord administrativo que ésta tuvo ante sí para tomar la acción correspondiente. Oportunamente la Junta cumplió con este requerimiento.

En atención a los hechos y fundamentos que prosiguen, se expide el recurso de revisión y se revoca la decisión recurrida.

I

El Dr. Alan Silber Bender es propietario de un solar sito en la Calle Tropical Núm. 45, Urb. Muñoz Rivera, Guaynabo, Puerto Rico (en adelante *"el solar"*). El doctor Silber (en adelante *"el concesionario"*) comenzó a construir su consultorio médico en dicho solar. A la luz de esta situación, vecinos de la Urb. Muñoz Rivera radicaron querellas ▮ ante la Administración de Reglamentos y Permisos (en adelante A.R.P.E.), mientras se realizaban trabajos de construcción en la estructura

ubicada en el solar. En esencia, las querellas alegaban que se realizaban dichos trabajos sin los permisos de A.R.P.E. Se quejaron, además, de que la *"ampliación y remodelación de la estructura"* denotaba características comerciales, en violación a la zonificación vigente del solar, la cual, al momento en que se comenzó la construcción y se radicó la querella,era residencial (R-3), según los mapas de zonificación de la propia Junta de Planificación.

A.R.P.E. realizó una investigación de las mencionadas querellas y, luego de los trámites de rigor, ordenó la paralización de las descritas obras porque no contaba con los permisos necesarios. La orden se emitió el 28 de octubre de 1995.

El 20 de octubre de 1995 el concesionario, a través del Sr. Félix Fuentes, radicó Solicitud de Enmiendas al Mapa de Zonificación. ■ De la copia certificada del expediente administrativo no surge constancia de esta solicitud de enmienda. Este Tribunal toma conocimiento de dicha solicitud mediante el apéndice del recurso de revisión presentado por los peticionarios. ■ En relación a su contenido, la solicitud de enmienda pidió que se cambiara la zonificación del solar, objeto de este recurso, de Distrito Residencial (R-3) a Distrito Comercial Liviano (CL) o a Distrito Comercial Uno (C-1).

El 18 de diciembre de 1995 se celebró la correspondiente vista pública, a la cual comparecieron cincuenta y ocho (58) propietarios y residentes de la Urb. Muñoz Rivera, representados por la Sra. Marie Sonia Morales Barreto (en adelante *"los peticionarios"*). En el expediente no encontramos minuta alguna sobre esta vista. Tampoco surge del expediente quién presidió la vista pública. El único documento que parece recoger lo acontecido en la vista es el *"Informe Técnico"* ■ obrante en el expediente de la Junta. El mismo, no tiene la firma de quién lo preparó. Tampoco, contiene alguna conclusión, hallazgo o recomendación del técnico que evaluó la solicitud. Sólo surge, al final del informe, el acuerdo de dos de los tres miembros de la Junta aprobando la solicitud de enmienda al mapa de zonificación. La aprobación de la enmienda fue notificada mediante edicto publicado el 11 de septiembre de 1996.

Inconforme con esta determinación, la parte recurrente interpuso el presente recurso de revisión donde sostiene, en lo pertinente, que erró la Junta al autorizar:

*"Primero:... el cambio en zonificación sin jurisdicción para ello, pues no dio cumplimiento a las disposiciones legales aplicables de notificación a las partes afectadas sobre enmiendas a los mapas de zonificación;*

*Segundo:... un cambio en zonificación sin que haya beneficio alguno para la comunidad y en abierta violación al Plan de Usos de Terrenos para la Región Metropolitana de San Juan, al Plan de Usos de Terrenos General para P.R. y a las disposiciones de Ley de Política Pública Ambiental."*

En la vista oral celebrada en este caso, el 27 de septiembre de 1996, la parte recurrente resumió su posición al aplantear que la enmienda al referido mapa de zonificación fue autorizada por la Junta de manera ilegal, arbitraria y caprichosa, y constituyó un abuso de discreción en el descargo de sus deberes. El concesionario de la autorización se opuso señalando que, previo a la autorización de enmienda al mapa de zonificación de Guaynabo, se cumplieron con los requisitos legales exigidos por la propia Junta de Planificación. Añadió que las omisiones que señala la parte recurrente respecto al Plan de Usos de Terrenos y a las disposiciones de la Ley de Política Pública Ambiental no tenían que ser llenadas por la parte concesionaria de la autorización. Por otro lado, en la vista oral quedó establecido que la decisión de la Junta está basada en el mencionado *"Informe Técnico"* preparado por uno de sus funcionarios.

## II

La Junta de Planificación de Puerto Rico es un organismo gubernamental creado por ley para guiar el desarrollo integral de la Isla, y realizar la importante labor de planificar, zonificar y establecer el uso de terrenos en todo el país. Art. 4, Ley Orgánica de la Junta de Planificación de Puerto Rico (en adelante, Ley de Planificación), Ley Núm. 75 de 24 de junio de 1975, 23 L.P.R.A. sec. 62c; *Negrón v. Junta de Planificación,* 139 D.P.R. ___ (1995), **95 J.T.S. 134**, a la pág. 149. ■ La Junta, para cumplir con esos objetivos, fue facultada no sólo para preparar, adoptar y aprobar los mapas de zonificación

de la Isla, sino también para considerar y entender en las solicitudes de enmiendas a los mismos. Art. 11, Ley de Planificación, *supra*, 23 L.P.R.A. sec. 62j(5); Sec. 4.04, Reglamento de Zonificación de Puerto Rico, Núm. 4; *Negrón v. Junta de Planificación, supra*, a la pág. 149.

El Tribunal Supremo ha indicado que *"...[e]sta autoridad que ostenta la Junta para zonificar y rezonificar forma parte del poder de reglamentación que le fuera delegado por la legislatura, lo cual convierte tales funciones en actos de naturaleza cuasi-legislativa". Negrón v. Junta de Planificación, supra*, a la pág. 149; *Luan Investment Corp. v. Román*, 125 D.P.R. 533, 545 (1990); Art. 32, Ley de Planificación, *ante*, 23 L.P.R.A. sec. 63d. Igualmente, *"[t]ratándose de un procedimiento de naturaleza cuasi-legislativa, la Junta no tiene que expresar las determinaciones de hechos y conclusiones de derecho en que basa su decisión como si se tratara de un procedimiento de naturaleza adjudicativa para dirimir una controversia particular". Luan Investment Corp. v. Román, supra*, a la pág. 546.

Es claro que dicho poder de reglamentación le fue conferido a la Junta con normas amplias y generales que le permiten hacer uso de su discreción al implantar su política pública sobre zonificación. Sostuvo nuestro Tribunal Supremo que, en virtud de ello, *"cada vez que alguna persona, funcionario u organismo solicita un cambio de zonificación, y cumple con los requisitos de ley, queda a discreción de la Junta conceder o denegar el cambio solicitado". Negrón v. Junta de Planificación, supra*, a las págs. 149-150.

Ahora bien, tal poder cuasi-legislativo de zonificar y rezonificar no es ilimitado, ni exento de revisión judicial la Junta tiene que cumplir estrictamente con las leyes y reglamentos que rigen sus procedimientos y delimitan sus prerrogativas. *Luan Investment Corp. v. Román, supra*, a la pág. 549. Sabido es que los organismos administrativos tienen que cumplir estrictamente los reglamentos por ellos promulgados para delimitar el alcance de su discreción. *García Pagán v. U.P.R.*, 120 D.P.R. 167, 175 (1987).

El Artículo 32 de la Ley de Planificación, *supra*, expresa que la adopción de los mapas de zonificación, así como las enmiendas a los mismos, serán finales, y que el foro judicial sólo podrá revisar si la Junta ha cumplido con el procedimiento dispuesto por ley. 23 L.P.R.A. sec. 63(d); *Negrón v. Junta de Planificación, supra*, a la pág. 150. Nuestro más Alto Foro ha resuelto expresamente:

*"... [en] el ámbito de la reglamentación sobre zonificación y rezonificación **la función revisora de los tribunales ha de ir dirigida a determinar si la Junta en algún momento del proceso se extralimitó en sus poderes.** Como medida fiscalizadora, hemos sostenido que los tribunales deberán evaluar: (1) si la actuación administrativa está autorizada por ley; (2) si se delegó el poder de reglamentación; (3) si la reglamentación promulgada está dentro de los poderes delegados; (4) si al aprobarse la reglamentación se cumplió con las normas procesales; y (5) si la reglamentación es arbitraria o caprichosa."* (énfasis suplido). *Negrón v. Junta de Planificación, supra*, a la pág. 150; *Luan Investment Corp. v. Román, supra*, a la pág. 550.

Consideradas las normas de derecho antes expuestas, pasemos a analizar su efecto sobre los hechos específicos del caso de marras.

### III

Las Secs. 4.04, 4.06 y 4.08 del Reglamento de Zonificación, *supra*, exigen que cuando las enmiendas a los Mapas de Zonificación no surjan por iniciativa de la Junta sino a petición de un particular, éste deberá presentar una solicitud de enmienda al Mapa de Zonificación correspondiente, la cual debe incluir, entre otras cosas: (1) la evidencia de haber notificado de la intención de radicar dicha solicitud a los dueños de las propiedades más cercanas al área propuesta a rezonificarse; (2) un plano de localización; (3) un memorial explicativo y; (4) el tamaño del solar en metros cuadrados. Como podemos apreciar, la mencionada solicitud es el paso inicial del procedimiento administrativo para autorizar un cambio de zonificación. Sin la misma la Junta no puede dar paso al procedimiento provisto en el reglamento para la rezonificación de solares, por estar obligada a cumplir, estrictamente, con la reglamentación promulgada por ella.

Luego de un minucioso examen de la copia certificada del récord administrativo de este caso,

repetimos, no encontramos la solicitud de enmienda. Tampoco, obviamente, tenemos copia de parte de esa solicitud, a saber, el plano de localización y el memorial explicativo requeridos por reglamento. Como adelantáramos en la primera parte de esta Resolución, donde único encontramos copia de la solicitud fue en el apéndice del recurso radicado por los peticionarios. Esta copia, sin embargo, no tiene el plano de localización ni el memorial explicativo. Si bien es cierto que la Junta puede dispensar de cumplir algunos de estos requisitos, Reglamento de Zonificación, *supra*, Sec. 4.06, tamhién lo es que la dispensa sólo procede cuando la parte solicitante someta una carta explicando las razones para no poder cumplir con el reglamento. *Id.* No surge del expediente que el concesionario sometiese la carta de dispensa y, tampoco, que la Junta la haya considerado.

Por otro lado, el Art. 27 de la Ley de Planificación, 23 L.P.R.A. sec. 62z, y la Sec. 4.08 del Reglamento de Zonificación, *supra*, específicamente requieren que antes de adoptar o enmendar un Mapa de Zonificación se celebre una vista pública. Exige, además, que se le de aviso al público de la fecha, sitio y naturaleza de la vista, mediante la publicación de un edicto en un periódico de circulación general en Puerto Rico, con no menos de quince (15) días de anticipación a la misma. El propósito del aviso de vistas públicas es, a nuestro entender, que la ciudadanía participe del proceso de planificación urbana. Por lo tanto, es un requisito procesal publicar el aviso de vista pública, según exige la Ley de Planificación y su reglamentación. Nuevamente, no encontramos evidencia de este aviso en el expediente administrativo de la Junta.

Lo hasta ahora discutido no fue específicamente señalado por los peticionarios. No obstante, su alegación general de que la Junta no cumplió con el procedimiento de ley nos condujo a examinar cuidadosamente el récord, donde, de su faz, se desprenden las violaciones a la reglamentación vigente antes expuestas. De igual forma, estos hallazgos sobre incumplimientos del reglamento sirven de apoyo a nuestra conclusión de que la Junta, aun cuando pudiera demostrarle a este Tribunal que no cometió las discutidas violaciones al reglamento, actuó arbitraria y caprichosamente.

Por otro lado, el Reglamento, en su sección 4.06, requiere una notificación a los vecinos dentro del radio de 60 metros del área a ser rezonificada. No hay dudas que dicho requisito tiene el propósito de permitirle a las personas más afectadas dar sus opiniones y reparos al propuesto cambio. Como señalamos anteriormente, durante la vista oral ante este foro apelativo, la representación legal de la Junta, a preguntas nuestras, expresó que esta última basó la actuación recurrida en un *"Informe Técnico"*, preparado por uno de sus funcionarios. De la faz de la copia certificada del informe no podemos determinar quién preparó el mismo. Dicho informe no incluyó los hallazgos técnicos, conclusiones o la recomendación de la persona que lo preparó, según requiere el Art. 27 de la Ley de Planificación, *supra*. Este informe parece un resumen de lo acontecido durante la vista pública celebrada en el caso de autos. ■ Luego de una cuidadosa lectura del susodicho *"Informe Técnico"* es imposible que podamos concluir que la Junta utilizó razonablemente su discreción. Por el contrario, prácticamente todos los testimonios vertidos en el informe militan en contra de la enmienda al Mapa de Zonificación.

Además, las fotos presentadas por los peticionarios apoyan sus testimonios en torno al hacinamiento comercial del área, la falta de espacio para proveer estacionamientos adecuados y el hecho de que la construcción en el solar está en violación de la reglamentación vigente.

Sólo nos falta discutir un fundamento adicional en apoyo a la determinación que hoy emitimos.

El Art. 14 de la Ley de Planificación, *supra*, 23 L.P.R.A. Sec. 62m, en parte dispone:

*"...[Los] Planes de Usos de Terrenos, así como la disponibilidad y la programación de la infraestructura física social, serán la base para la preparación y revisión de los mapas de zonificación."*

La ley establece que la Junta tiene la obligación de considerar los Planes de Usos de Terrenos antes de enmendar un mapa de Zonificación. Siendo esto así debemos examinar el Plan de Usos para la Región Metropolitana de San Juan, Boletín Administrativo Núm. 3969B, Resolución PUT-RMSJ de 28 de octubre de 1981 (en adelante *"el Plan"*), el cual es el aplicable al solar rezonificado en controversia.

En los objetivos 34.00 al 36.00 de dicho Plan se establece la política de conservación del ambiente que debe considerar la Junta antes de enmendar un mapa. Estos objetivos requieren de la Junta proteger las áreas con problemas críticos. Los peticionarios en la vista pública señalaron las condiciones necesarias para considerar el solar rezonificado como uno localizado en un área crítica. En el récord administrativo no detectamos prueba en contra de los señalamientos de los peticionarios.

Así las cosas, ¿cómo podemos catalogar de razonable la aprobación de la propuesta enmienda al mapa de zonificación, cuando de la copia certificada del expediente administrativo, en particular del Informe Técnico, surge que el solar que se interesa rezonificar probablemente se encuentra en un área crítica y no encontramos en el expediente ninguna prueba en contrario, ni tampoco esfuerzo alguno de la Junta por considerar lo dispuesto en el Plan de Usos de Terrenos para la Región Metropolitana de San Juan? Es nuestro criterio que ante las circunstancias particulares del presente caso, la Junta actuó arbitraria y caprichosamente y ejerció irrazonablemente su discreción al aprobar la enmienda al mapa de zonificación aquí recurrida, ya que no existe base, examinada la totalidad del récord administrativo, para aprobar la propuesta enmienda al Mapa de Zonificación.

Con estos antecedentes, se expide el auto y se revoca la decisión recurrida.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 97 DTA 127

**1.** Querella Núm. 95-16-F-005 SPQ; véase también, Querella Núm. 95-16-F-345 SPQ.

**2.** Esta *"Solicitud"* la requieren las Secs. 4.04 y 4.06 del Reglamento de Zonificación de Puerto Rico, Reglamento Núm. 4.

**3.** Ver Apéndice 2, pág. 3, Solicitud de Revisión.

**4.** Cuando se examinó la copia certificada del expediente de la Junta, sometido originalmente, este informe estaba incompleto. Ante tal situación, este Tribunal ordenó a la Junta que elevara copia certificada del resto del informe. Así lo hizo la Junta.

**5.** Somos conscientes de que este caso es una Sentencia por lo cual no constituye precedente obligatorio. La utilizamos, sin embargo, por su alto valor persuasivo. Véase, *Rivera Maldonado v. E.L.A.*, 119 D.P.R. 74 (1987).

6. Debido a la importancia de este informe, a continuación transcribimos la parte denominada *"Planteamiento"*, la cual, textualmente lee:

*"Indica la parte proponente que el área donde ubica el solar objeto de esta petición es una altamente comercializada, con distritos C-1 autorizados ya. La propiedad colinda por uno de sus lados con dicho distrito C-1.*

*En vista pública indicó la parte proponente que se limitaba a solicitar el distrito CL.*

*Desde 1992 el Dr. Silber, dueño de la propiedad, opera su oficina médica en la avenida Esmeralda.*

*Sometieron en V.P. carta endosando con 58 firmas (en su mayoría no residentes). Entienden que el uso propuesto no perjudica ni afectará el vecindario en forma alguna. Los pacientes se atenderán por cita previa; esto evitará que coincidan muchos pacientes creando problemas de estacionamiento.*

Además indicaron que la urbanización Muñoz Rivera planea cerrar con control de acceso y el solar objeto de esta petición queda fuera del cierre.

Pág. 2

**Posición:**

Marie Sonia Morales - en representación de 50 residentes cuyas firmas obran en el documento que se entregara.

1. Citaron querella en A.R.P.E. agencia que indicó, la estructura está en abierto desafío ya que se le advirtió que paralizara la construcción y sigue construyendo.

2. Comenzaron a remodelar con características comerciales sin tener los debidos permisos.

3. Entienden que el dueño se autoinfligió el daño alegado de que la propiedad no tiene valor residencial, pues compró aun conociendo la realidad del sector.

4. Menoscabo al suministro de luz natural y aire a la propiedad limítrofe.

5. En una ocasión el dueño cerró el paso por las aceras. Esto fue grabado por el canal 2 en un reportaje para las noticias.

6. El dueño reside en una urbanización con control de acceso en paz y tranquilidad como lo desean los vecinos de la Urb. Muñoz Rivera.

7. Se aumentaría el tránsito, estacionamiento inadecuado, obstruyendo a su vez las aceras, mayor criminalidad, destrucción de áreas verdes y deterioro de la propiedad, barreras arquitectónicas para impedidos.

8. No entienden por que radicar tantas veces la misma petición.

**Ada Carmona**

1. Cuestiona las firmas de endoso en el sentido de que no pueden ser de los residentes de la calle Tropical.

2. No encuentra beneficio alguno en el uso propuesto, ya que están saturados de usos comerciales.

3. Los usos comerciales que están frente al solar objeto de esta petición son ilegales y ya se han radicado querellas en la A.R.P.E.

4. Una oficina médica traería problemas de estacionamiento.

5. El horario de operación mencionado es uno muy intenso.

6. Las obras de construcción se están realizando sábados y domingos desde las 6:00 a.m. Los escombros en la acera interrumpen el libre paso. También realizan labores de construcción hasta altas horas de la noche (evidencia esto con querellas realizadas a la policía).

7. Somete varias fotos evidencia de:

*construcción ilegal

*estacionamiento inadecuado

*basura en áreas verdes

**Ing. Miguel E. Miranda** - *residente calle Escarlata*

*1. En las mejoras que se han realizados a la estructura se han violado completamente los patios laterales y el posterior.*

*2. La construcción ha continuado a pesar del cese de la A.R.P.E*

*3. Cuestiona la insistencia de radicar repetidas veces el caso a pesar de las denegatorias de la Junta.*

**Ray Quiñones** - *residente calle Tropical-- se opone, no ve beneficio alguno, ya hay muchas oficinas médicas en el área, no se opone a que utilicen 25% de la propiedad.*

**Jorge Cintrón** - *se opone por: problema de falta de estacionamiento, crecimiento desmedido del comercio, violación al reglamento en la construcción (patios).*

*Acuerdo de la Junta:*      APROBAR CL

*2/mayo/96*      *Firma*      *Firma*

*Fecha*      *Presidente*      *Miembro*      *Miembro"*