*1142 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Carmen Piñero Reyes (la apelante), y nos solicita que revisemos una “Sentencia” de 14 de diciembre de 2006, notificada el 20 de diciembre de 2006, dictada por el Hon. José M. Fernández Luis, Juez del Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante el referido dictamen, se desestimó la causa de acción en daños y perjuicios que presentó la apelante en contra de su antiguo patrono (Christian Elderly Home-hogar de envejecientes) y del Estado Libre Asociado de Puerto Rico (ELA), por razón de las actuaciones del personal del Departamento de la Familia (el Departamento).
Inconforme con el dictamen, la apelante acudió ante nos y señaló que erró el TPI al haber determinado que: (1) procedía la desestimación porque la apelante pudo haber eliminado del récord su antecedente penal, y si no lo hizo fue porque no lo quiso, y por ello causó su despido; o porque las características personales de la apelante no eran las adecuadas para el trabajo que realizaba; (2) el derecho que reclama la apelante no se funda en la ley, sino en contra de ella; (3) el Departamento de la Familia aplicó la ley y la apelante no tenía derecho a demandar al Estado; y (4)la Sentencia emitida en el caso Rosario Díaz v. Toyota de Puerto Rico, res. el 24 de octubre de 2005, 2005 JTS 159, no tiene tangencia con este caso, pues el presente caso no trata de un empleo prospectivo y los pasos que tendría que seguir el patrono prospectivo para decidir si emplea o no al solicitante, sino más bien se trata aquí de una persona ya empleada por un período de dos años que fue despedida por su patrono “cumpliendo” con un reglamento.
Mediante resolución al efecto, concedimos un término al Procurador General para que compareciera. Así lo hizo. Ahora, con el beneficio de la comparecencia de las partes, resolvemos la controversia. Adelantamos que confirmamos el dictamen apelado.
I
Esbozamos a continuación una breve relación de los hechos e incidencias procesales relevantes a este caso. Para ello, nos basamos principalmente en las determinaciones de hechos que consignó el TPI en el dictamen apelado.
La apelante fue convicta por la comisión del delito de tentativa de robo y terminó de cumplir su condena en el 2002. El 10 de mayo de 2002, el hogar de envejecientes Christian Elderly Home (el hogar de envejecientes) obtuvo su licencia para operar del Departamento de la Familia (el Departamento). El 12 de junio de 2002, la apelante fue contratada por el referido hogar de envejecientes para que trabajara como cocinera. Según se infiere del expediente, para el 2003, un agente del Departamento inspeccionó los récords o expedientes del referido hogar de envejecientes. Advirtió que no surgía un certificado negativo de antecedentes penales de la apelante. Así se lo informó al hogar de envejecientes quien le requirió a la apelante que produjera el certificado.
La apelante cumplió finalmente con lo requerídole en el 2004. En el certificado apareció la convicción que cumplió la apelante. El Departamento le señaló al hogar de envejecientes que para que la apelante pudiera trabajar allí tenía que producir un certificado negativo de antecedentes penales. Se sugirió que en el caso de la apelante, podía representar que tramitara la eliminación de la convicción de su récord penal.
El hogar de envejecientes retuvo en su empleo a la apelante. Como consecuencia de ello, el Departamento le negó la renovación de la licencia para operar y condicionó su renovación a que no tuviera trabajando con ellos a la apelante. Posteriormente, el hogar de envejecientes despidió a la apelante y lo informó al *1143 Departamento. Fue entonces que el Departamento le renovó su licencia para operar.
Por su parte, la apelante presentó una demanda contra el hogar de envejecientes, el Departamento y el ELA. En síntesis, la apelante alegó que fue despedida injustificadamente. Adujo que su despido constituyó un discrimen por condición social, por razón de tener un antecedente penal. Añadió que su despido fue contrario a su derecho como ex convicta a la rehabilitación. Solicitó una indemnización por los alegados daños y perjuicios que sufrió a consecuencia del despido.
Celebrada la correspondiente vista, el TPI ordenó a las partes a que expresaran sus respectivas posiciones para así solucionar el caso. La posición de la apelante ha ido dirigida a cuestionar el que después de haber trabajado por dos años en el hogar de envejecientes se le requiriera producir un certificado negativo de antecedentes penales. Ha aducido que es errado y discriminatorio que se le requiriera eliminar de su récord los antecedentes penales como condición para no despedirle. Máxime cuando no cumplía con el requisito del término mínimo que se exige para poder solicitar la eliminación de su convicción previa del récord penal. En apoyo de sus contenciones, ha traído a colación la Sentencia emitida por el Tribunal Supremo en el caso Rosario Díaz v. Toyota de Puerto Rico, supra. En el referido caso se dilucidó si fue discriminatoria la negativa de la Toyota de emplear a un solicitante tras haber advertido que tenía antecedentes criminales.
Luego de haber examinado la posición de la apelante, y además, la del Departamento, el TPI emitió el dictamen apelado. En el referido dictamen, el TPI tomó cuenta de los hechos antes esbozados. También destacó que la apelante había desistido de su causa de acción contra el hogar de envejecientes.
En su razonamiento, el TPI concluyó que la sentencia y opinión de conformidad suscrita por varios de los jueces del Tribunal Supremo en el citado caso de Rosario Díaz v. Toyota de Puerto Rico, supra, no constituye un precedente obligatorio. Indicó que el referido caso trató sobre si un patrono podía negar empleo a una persona por su condición social, esto es, por tener antecedentes penales y si ello constituye un discrimen prohibido por nuestra Constitución.
Además, el TPI indicó que el Departamento está facultado para otorgar, suspender o cancelar las licencias a los centros u hogares de cuidado de personas de edad avanzada e incapacitados. También, trajo a colación que se le autorizó al Departamento a crear los reglamentos pertinentes que regulan la concesión de licencias a este tipo de establecimientos. En particular, mencionó que entre los requisitos que habría de especificarse en los reglamentos que promulgara el Departamento a estos fines, habría de hacer constar que cada establecimiento deberá requerir certificado de buena conducta de cada empleado que preste servicios en el establecimiento (8 L.P. R.A. §359).
A iguales fines, el TPI señaló que el Reglamento Núm. 4701 de 28 de mayo de 1992, aprobado por el Departamento, regula el licénciamiento y supervisión de los establecimientos para el cuidado de ancianos y personas con necesidades especiales. Indicó que la sección 4.6 del referido reglamento esboza, entre los requisitos mínimos que debe cumplimentar el dueño de un establecimiento de este tipo, que debe presentar un certificado de antecedentes penales anualmente.
Concluyó el TPI que la ley le impone a los centros u hogares de envejecientes la obligación de requerir y conseguir que sus empleados obtengan y presenten certificados de buena conducta o de antecedentes penales (negativo). Indicó entonces que la apelante no tenía una reclamación de un derecho que surgiera de la ley. Por otro lado, dispuso que el Departamento y sus funcionarios se ciñeron a la ley, y por eso, no procedía la causa de acción contra el Estado al amparo de la Ley de Pleitos Contra el Estado.
Por último, distinguiendo el caso de lo dirimido en el referido caso de Rosario Díaz v. Toyota de Puerto Rico, supra, el TPI señaló que en este caso no se planteaba que un patrono “prospectivo” podía seguir ciertos criterios *1144 previo a decidir si empleaba o no a un ex convicto. Mas bien, indicó que este caso trata de una instancia en que la legislación pertinente establece como requisito para que una persona trabaje con personas de edad avanzada que la persona tenga un historial de buena conducta. Sostuvo entonces que la apelante tenía un certificado con antecedentes penales y que no pudo obtener la eliminación de la convicción previa de su récord penal. Añadió que eso fue lo que le ocasionó el despido. Ello, independientemente de si fue que no quiso procurar la eliminación del antecedente de su récord o que simplemente no pudo. De cualquier modo, dispuso el TPI, las características o circunstancias personales de la apelante no eran las adecuadas para continuar laborando en el hogar de envejecientes.
Tomando en cuenta lo anterior, discutimos el derecho aplicable.
n
En la Ley de Establecimientos para Personas de Edad Avanzada, según enmendada, 8 L.P.R.A. §351 et seq., se dispone que el Departamento de la Familia es la única agencia autorizada para expedir licencias a todo establecimiento que se dedique al cuidado de personas de edad avanzada. 8 L.P.R.A. §354. El Departamento, por conducto de su representante debidamente autorizado, deberá visitar e inspeccionar cuando lo creyere necesario, por lo menos una vez cada tres meses, todo establecimiento para cuidado de personas de edad avanzada, con el propósito de cerciorarse de que los mismos están funcionando de conformidad con las disposiciones de esta ley y de los reglamentos promulgados al amparo de la misma. 8 L.P.R.A. §356.
También se dispone en la referida pieza legislativa que el Departamento expedirá una licencia a todo establecimiento para el cuidado de personas de edad avanzada que la solicite y que cumpla con las normas y requisitos que se establecen en los reglamentos promulgados al amparo de la ley. Las licencias podrán ser renovadas si el establecimiento continúa cumpliendo con los requisitos establecidos por la ley y los reglamentos pertinentes. 8 L.P.R.A, §357(b) y (c). En particular, esta ley habilitadora establece que los reglamentos que se promulguen al amparo de sus disposiciones, en lo que toca a la concesión de licencias a los establecimientos para cuidado de personas de edad avanzada, deben especificar, entre otros requisitos, que cada establecimiento deberá requerir certificado de buena conducta de cada empleado que preste servicios en el establecimiento. Además, en el reglamento debía establecerse que cada establecimiento debe preparar expedientes de los empleados, entre otros asuntos, para el buen funcionamiento del servicio. 8 L.P.R.A. §360(b) y (h).
Al amparo de la referida legislación, y siguiendo los requisitos allí exigidos, se aprobó el Reglamento Núm. 4701 de 28 de mayo de 1992, Reglamento para el Licénciamiento y Supervisión de Establecimientos para el Cuidado de Ancianos y/o Ancianos y Personas con Necesidades Especiales (el Reglamento). El objeto del Reglamento es “[e]stablecer requisitos para el licénciamiento y operación de facilidades que se dediquen al cuidado de ancianos o personas con necesidades especiales para lograr que la operación y funcionamiento del establecimiento responda al bienestar y a las necesidades biosicosociales de la clientela que compone la matrícula”. Sección 1.2, Reglamento Núm. 4701.
En el inciso (a) de la sección 3.2 del Reglamento, se expresa que el Departamento expedirá licencia a todo establecimiento que haya cumplido con los requisitos que establece el mismo. En el inciso (b) de la misma sección, se indica que la licencia será otorgada por un período de tiempo que no excederá de dos (2) años. Más aún, en la sección 3.3 se dispone que se renovará la licencia a todo establecimiento que en su evaluación haya cumplido con los requisitos establecidos.
En la sección 4.6 del Reglamento se esbozan los requisitos mínimos que deben cumplimentar el dueño, el personal y cualquier voluntario que labore en un establecimiento dedicado al cuidado de envejecientes. A ese fin se indica expresamente que el personal del establecimiento debe presentar un Certificado de Antecedentes Penales anualmente. Abonando a lo anterior, en la sección 10.2, inciso (g), se indica que el hogar o centro de envejecientes tiene que preparar un expediente de cada empleado, cuya información será confidencial, y que *1145 contendrá, entre otros documentos, un certificado negativo de antecedentes penales y certificado de salud. Por último, en la sección 12.1, incisos (a) y (e), el referido reglamento establece que el Departamento podrá denegar o cancelar una licencia, entre otras razones: porque el establecimiento no cumpla con los requisitos establecidos en el reglamento; y además, que el establecimiento no corrija dentro del término que le señale un oficial de licénciamiento, alguna deficiencia en la operación de la facilidad.
A
En Longina García v. E.L.A., res. el 24 de febrero de 2005, 2005 JTS 18, se expresó que la Ley Núm. 104 del 29 de junio de 1955, según enmendada, conocida como Ley de Pleitos contra el Estado, 32 L.P.R.A. §3077, et seq., constituye una autorización de parte del Estado a ser demandado en determinadas circunstancias. El Estado renunció parcialmente a su inmunidad permitiendo ser demandado cuando sus agentes o empleados ocasionan daños por descuido, negligencia o falta de circunspección. Valle Izquierdo v. Estado Libre Asociado, res. el 14 de mayo de 2002, 2002 JTS 70.
El Artículo 2(a) de la Ley Núm. 104, antes citada, dispone que se puede demandar al Estado por daños y perjuicios causados a la persona y propiedad por acción u omisión de cualquier funcionario, agente o empleado del Estado o cualquier otra persona actuando con capacidad oficial y dentro de su marco de función, cargo o empleo interviniendo culpa o negligencia. La responsabilidad del Estado por daños causados por empleados se apoya en la doctrina de la responsabilidad vicaria. Esta responsabilidad está limitada por las disposiciones de la Ley Núm. 104, supra. Se puede demandar directamente a un empleado o, en la alternativa, al Estado Libre Asociado, o a ambos, pero no puede haber acumulación de indemnizaciones. Longina García v. E.L.A., supra.
En particular, la referida ley expresa que no se puede demandar al Estado por los actos u omisiones de un funcionario en el desempeño de una función de carácter discrecional aún cuando hubiere abuso de la discreción. 32 L.P.R.A. §3081(b). El Tribunal Supremo ha resuelto que las funciones reglamentarias, adjudicativas y las cuasi judiciales del Estado tienen carácter discrecional. Santiago v. E.L.A., res. el 20 de octubre de 2004, 2004 JTS 169. Tampoco procede una demanda en contra del Estado Libre Asociado por actos u omisión de un empleado en cumplimiento de una ley o reglamento. 32 L.P.R.A. §3081(a); Ocasio Juarbe v. Eastern Airlines, 125 D.P.R. 410 (1990).
B
En el caso Rosario Díaz v. Toyota de Puerto Rico, supra, la empresa Toyota Corp. de Puerto Rico le negó un empleo a Alfredo Rosario Díaz, por razón de las convicciones que aparecían reflejadas en su certificado de antecedentes penales. Por razón de lo anterior, Rosario presentó una demanda de daños y perjuicios contra Toyota, mediante la cual, alegó que la actuación de la empresa referida constituyó un acto de discrimen por condición social prohibido por la Constitución del Estado Libre Asociado de Puerto Rico.
El Tribunal Supremo no emitió una opinión mayoritaria en el caso. La resolución del caso se emitió por “Sentencia”. El Tribunal estuvo dividido y se confirmó por empate el dictamen que emitimos (el Tribunal de Apleaciones) en ese caso. También, se devolvió el caso al TPI para la continuación de los procedimientos. En relación al referido caso, se cuenta con una opinión de conformidad emitida por uno de los jueces asociados a la que se unieron otros dos jueces asociados. También se emitió una opinión disidente, a la que se unió el juez presidente y otro de los jueces asociados.
Lo anterior hace preciso recordar que se considera impropio citar como autoridad o precedente, ante cualquier foro, una decisión del Tribunal Supremo que no se haya emitido mediante opinión. Así sucede por ejemplo con las sentencias emitidas por el referido foro. Este tipo de dictamen sólo se puede utilizar como una fuente de valor persuasivo. Regla 44 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A; Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 79-80(1987).
*1146 Sobre el mismo particular, en Ex Parte Alexis Delgado Hernández, res. el 30 de junio de 2005, 2005 JTS 100, se reiteró que el Tribunal Supremo establece una norma exclusivamente mediante un dictamen sostenido por una opinión firmada o una opinión per curiam. De ahí que, de ordinario, sólo la opinión firmada o el per curiam se publican. Regla 44(b) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A. Así, sólo las opiniones sirven de precedentes para los casos que tienen ante sí los foros a quo tanto judiciales como administrativos. Id.
Por otro lado, se aclaró que el referido foro resuelve un caso por sentencia cuando en el mismo se plantean asuntos resueltos reiteradamente por el Tribunal; o, para resolver una controversia particular entre las partes litigantes, circunscrita, por lo tanto, a los hechos específicos de ese caso; o para disponer rápidamente del caso ante el gran número de casos que tiene que resolver. Las sentencias, por lo tanto, no se publican. Por ello, se indicó, no se considera apropiado citar como autoridad o precedente las sentencias que no constituyen opinión. Id.\ Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 79-80 (1987).
Basándonos en los principios antes discutidos, concluimos lo siguiente.
III
En el caso ante nuestra consideración, no se cometieron los errores señalados. Los primeros tres señalamientos de error refieren a las expresiones que realizó el TPI que, en resumen, avalaban la corrección de las actuaciones del Departamento de la Familia y sus agentes a la luz de la legislación y reglamentos pertinentes. La legislación que regula la concesión, renovación o cancelación de licencias para operar establecimientos dedicados al cuidado de personas de edad avanzada, faculta al Departamento de la Familia a visitar e inspeccionar este tipo de establecimiento. Lo anterior para asegurarse de que cumplen con los requisitos de ley.
Como parte de los requisitos, las leyes y reglamentos pertinentes obligan a los dueños de este tipo de establecimiento a conseguir que sus empleados produzcan un certificado de buena conducta, o dicho de otro modo, un certificado de antecedentes penales. El certificado habrá de producirse anualmente y tiene que formar parte de un expediente sujeto a la revisión del Departamento. La ley es clara al establecer que el certificado debe ser uno negativo. Esto es, el certificado de las personas que laboren para este tipo de establecimiento, no puede reflejar convicciones previas.
En este caso, la investigación realizada por el agente del Departamento arrojó como resultado que, primero, no surgía de los expedientes del hogar de envejecientes el certificado de antecedentes penales de la apelante. Ello, de suyo, constituye una violación a la reglamentación pertinente. Segundo, cuando finalmente la apelante produjo su certificado de antecedentes penales, el mismo no era negativo; esto es, reflejaba una convicción previa por delito. Esto también resultaba en una contravención a los reglamentos.
Surge del expediente de este caso, que se le sugirió a la apelante que procurara la eliminación de la convicción previa de su récord de antecedentes penales. No entendemos que el Departamento le impuso lo anterior como una condición para que pudiera retener su empleo. El Departamento sólo cumplió con informar de la situación al hogar de envejecientes, y sí condicionó, como en efecto podía hacer, la renovación de la licencia del referido establecimiento a que su empleada tuviera y presentara un certificado negativo de antecedentes penales.
La apelante, según ha aducido, no cumplía con el requisito mínimo de tiempo para solicitar la eliminación de su convicción según la legislación correspondiente. Por tanto, no podía cumplir con el requisito de presentar un certificado negativo de antecedentes penales. Ello imposibilitó que el hogar de envejecientes la retuviera como empleada. Por ello, la despidió para que así se le pudiera renovar la licencia. Así pues, hubiera querido o no procurar la eliminación de sus antecedentes penales, o hubiera podido o no hacerlo, la realidad es que ni la apelante ni su patrono podían dar cumplimiento a los requisitos de ley. De este modo, no podía continuar *1147 trabajando para el hogar de envejecientes.
Más aún, en este caso, el Departamento se limitó a aplicar la legislación y disposiciones reglamentarias correspondientes. Por tal razón, no erró el TPI al expresar que la demanda en daños y perjuicios que instó la apelante en contra del ELA, no procedía. La Ley de Pleitos Contra el Estado, supra, es clara al establecer que no está autorizada la presentación de una acción en daños y perjuicios contra el Estado por un acto u omisión de un agente o funcionario que se dio dentro del cumplimiento de una ley o reglamento. Entendemos que, en última instancia, este era el fundamento que debió invocar el TPI. No obstante, el resultado final del dictamen del TPI, en cuanto a su determinación de tener por improcedente la causa de acción de la apelante, fue correcta.
Por último, en lo que toca a la aplicabilidad del caso Rosario Díaz v. Toyota de Puerto Rico, supra, expresamos lo siguiente. Aunque podamos estar de acuerdo con muchos de los planteamientos que surgen de la opinión de conformidad emitida por algunos de los jueces asociados del Tribunal Supremo, la realidad es que el dictamen final se plasmó en una sentencia. El valor de lo allí expresado como fuente persuasiva es innegable, pero, no estamos obligados a ceñirnos a lo pronunciado por no constituir precedente.
No obstante lo anterior, aprovechamos la oportunidad para expresar lo desafortunado, y en cierta medida inconsecuente, que resulta el que, por un lado, la ley se encargue de profesar el ánimo de que los ex convictos tengan la oportunidad de rehabilitarse y reinsertarse de manera productiva a la sociedad, pero, por otro lado, presente en la aplicación de otras disposiciones un sinnúmero de escollos y tropiezos a estas personas. En este caso, según pudimos inferir, los patronos de la apelante mostraban complacencia con el desempeño de la apelante. Sin duda, el empleo que le proveyeron representaba una muy buena oportunidad para que aquélla contribuyera a la sociedad, y ello, sirviendo a un grupo de ciudadanos que requiere atención especial, a saber, las personas de edad avanzada.
Lamentablemente para la apelante en este caso, la ley es clara, y en el balance de intereses político criminales y sociales, el legislador estima que por sus antecedentes penales está imposibilitada de laborar en un centro de envejecientes. Nosotros estamos en la obligación de aplicar la letra de la ley y así lo hemos hecho. En este caso, las disposiciones reglamentarias y legislación pertinente está libre de ambigüedad y no da margen para interpretaciones liberales que puedan favorecer a la apelante. Lo anterior, muy a pesar de tener presente el consabido mandato constitucional de rehabilitación.
IV
En mérito de lo anterior, confirmamos el dictamen apelado.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. María E. Pérez Ortiz
Secretaria del Tribunal de Apelaciones