GENOVEVA CANCHANI, demandante y recurrida, *v.* CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA, ADMINISTRACIÓN DE PARQUES Y RECREO PÚBLICOS DE P. R., ETC., demandados y recurrentes.

*Número:* R-76-276          *Resuelto:* 24 de noviembre de 1976

*Roberto Armstrong, Jr., Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de los recurrentes; *Baragaño & Zayas,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Los hechos del caso de autos nos permiten aclarar la siguiente interrogante: ¿quiénes deben emplazarse cuando se demanda una instrumentalidad del Estado Libre Asociado que no es una corporación pública? Veamos.

El Tribunal Superior, Sala de Ponce, dictó sentencia en rebeldía el 15 de agosto de 1975 contra la demandada recurrente Administración de Parques y Recreo Públicos[1] condenándola a satisfacer a la demandante recurrida Genoveva Canchani la cantidad total de $3,555.00 en concepto de daños físicos y mentales experimentados al caerse alegadamente en un hoyo oculto en un camino localizado en un parque atlético.

En 24 de febrero de 1976, la Administración, por conducto del Secretario de Justicia formuló una moción solicitando se dejara sin efecto dicha sentencia alegando nulidad por falta de jurisdicción sobre su persona, aduciendo en su apoyo, el incumplimiento por la parte actora de las disposi-

---

[1] Figuraban originalmente como co-demandados el Municipio de Yauco y la Corporación de Renovación Urbana y Vivienda de Puerto Rico. El primero, mediante moción de desestimación al efecto, obtuvo decreto interlocutorio a su favor; y la segunda, fue relevada de toda responsabilidad al dictarse la sentencia que nos ocupa.

ciones de la Regla 4.4 (f) y (g) de las de Procedimiento Civil vigentes, que regulan la forma y manera en que ha de diligenciarse un emplazamiento, y rezan del siguiente modo:

"(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al *Secretario de Justicia*, o a una persona designada por éste, y cuya designación conste en la Secretaría del Tribunal.

(g) A un funcionario o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, *que no fuere una corporación,* entregando copia del emplazamiento y de la demanda a *dicho funcionario o al jefe ejecutivo de dicha instrumentalidad y al Secretario de Justicia* o a una persona designada por éste y cuya designación conste en la Secretaría del Tribunal. *Si la instrumentalidad fuere una corporación, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e)."* (Énfasis suplido.)

El tribunal de instancia proveyó no ha lugar a dicha solicitud, amparando su pronunciamiento en la tesis expuesta en oposición por la parte demandante. Dictaminó lo siguiente:

"Las disposiciones de ley aplicables a la Administración de Parques y Recreo Públicos expresamente disponen que ésta tendrá personalidad jurídica, podrá demandar y ser demandada, denunciar y ser denunciada, querellar y defenderse ante todos los tribunales y organismos administrativos. 15 L.P.R.A. 2. No hay disposición alguna en dicha ley que requiera la intervención del Secretario de Justicia, ya sea para poner en vigor sus funciones y facultades como para defenderle de reclamaciones.

Más aún, la propia ley le faculta para adquirir bienes y para otorgar y subscribir convenios, escrituras, contratos, etc. a nombre de la Administración y en representación del Estado Libre Asociado de Puerto Rico, sin intervención alguna del Secretario de Justicia.

Tampoco son de aplicación los requisitos de notificación de los casos de pleitos contra el Estado, precisamente por tener ésta personalidad jurídica propia. No puede aplicarse las disposiciones de la Regla 4.4(f) y (g) como si efectivamente se tratara de un pleito contra el Estado, sino las disposiciones de la Regla 4.4(e).

El emplazamiento en este caso fue debidamente diligenciado mediante notificación personal al Director de la Oficina de la Administración de Parques y Recreo Públicos en Ponce, P.R. el día 15 de julio de 1974, hecho que no ha sido negado por dicha agencia.

Este emplazamiento cumple con los requisitos de la Regla 4.4(e) y el Tribunal adquirió jurisdicción para celebrar la vista y dictar sentencia contra ésta."

La Administración acudió en alzada y en 2 de septiembre de 1976, emitimos orden dirigida a la demandante recurrida solicitándole compareciera a mostrar causa por la cual no debería expedirse el auto y oportunamente revocarse la Resolución antes aludida. Dentro del término concedido presentó su Memorando, ante lo cual estimamos sometido para decisión el recurso.

La Ley Núm. 4 de 30 de junio de 1947, según enmendada (15 L.P.R.A. sec. 1 *et seq.*), creadora de la Administración de Parques y Recreo Públicos establece, entre sus facultades y deberes, que la "Administración que por la presente se crea tendrá *personalidad jurídica, podrá demandar y ser demandada,* denunciar y ser denunciada, querellar y defenderse ante todos los tribunales y organismos administrativos." (Énfasis suplido.) También le fija la encomienda de ejercer el cuidado, jurisdicción, administración y control de todos los parques y cualesquiera otros sitios de recreo públicos pertenecientes al Gobierno Estadual, y le faculta a hacer gestiones de compra y otorgar y suscribir convenios, escrituras, contratos y licencias y expropiar terrenos. Merece especial mención que tales poderes los ejerce a nombre y en representación del Estado Libre Asociado de Puerto Rico.

En adición presenta las siguientes características:

a) Su Administrador es nombrado por el Gobernador de Puerto Rico con el consejo y consentimiento del Senado; su remoción está sujeta al Primer Ejecutivo y su compensación es fijada en el Presupuesto del Estado Libre Asociado de **Puerto Rico.**

b) Sus empleados son nombrados de acuerdo a la Ley de Personal.

c) Su presupuesto y gastos de funcionamiento son establecidos mediante asignaciones anuales de la Asamblea Legislativa de Puerto Rico en el Presupuesto general;

d) Sus ingresos van a los fondos generales del Tesoro Estadual, aun cuando el Secretario de Hacienda tiene una cuenta especial abierta para ingresos restringidos provenientes de donaciones; y

e) Finalmente, la Administración viene obligada a rendir un informe anual al Gobernador sobre las actividades y gastos hechos en relación a los parques de vecindad.

■ La interacción de los factores enumerados nos lleva a concluir que la Ley Orgánica de la Administración, la creó como una agencia e instrumentalidad del Pueblo de Puerto Rico. Abona a ello, las enmiendas que experimentara en virtud de la Ley Núm. 11 de 5 de abril de 1952 adoptadas en orden al Plan de Reorganización de la Rama Ejecutiva, las cuales no le quitaron su carácter de instrumentalidad gubernamental. En lo pertinente, la reorganización se enmarcaba en la siguiente concepción:

"La dirección de los programas de recreo y parques es predominantemente una tarea administrativa, de ejecución, para la cual es preferible una sola persona dedicada todo el tiempo a ese trabajo y con plena responsabilidad por su éxito. . . . Se trata de que la naturaleza de los deberes y la conveniencia de simplificar *la división de trabajo en la Rama Ejecutiva* requieren para este caso un nuevo tipo de organización." Mensaje del Gobernador acompañando el Plan de Reorganización Núm. 2 sometido a la Asamblea Legislativa el 17 de febrero de 1950. (Leyes de P.R. de 1950, pág. XIX, Apéndice.)

Los poderes antes enunciados son limitados, y no podemos convenir con el tribunal a quo de que los mismos hacen a la Administración una corporación o entidad con personalidad jurídica *independiente* al Estado Libre Asociado de

Puerto Rico. La ausencia de disposición legal expresa, análoga a las contenidas en las leyes referentes a la Autoridad de Fuentes Fluviales, Autoridad de Acueductos y Alcantarillados y otras, corrobora lo expuesto. [2]

Resumiendo, la Administración no es una corporación pública como lo son las antes mencionadas; no tiene ingresos propios; no goza de autonomía fiscal para realizar préstamos, emisión de bonos, cuentas bancarias; no posee propiedades ya que solamente las administra; no tiene una Junta de Directores para su propio gobierno pues su Administrador es nombrado por el Gobernador; no tiene poder para aceptar donaciones ya que las acepta a nombre del Gobierno Estatal; y los contratos y demás funciones las ejerce en representación del Estado Libre Asociado. Todas estas limitaciones son contrarias al concepto de autonomía corporativa.

■ El hecho de que la Administración tenga "personalidad jurídica" no la convierte per se en corporación pública exenta de los requisitos de notificación que impone la ley a los que demandan instrumentalidades públicas. Esta personalidad jurídica es una restringida, cuyo alcance legal, a los fines de la controversia ante nos, es otorgarle poder para demandar o ser demandada quitándole la protección de inmunidad soberana que clásicamente goza el Estado. En consecuencia, no le son aplicables los trámites de notificación previa y demás requisitos restrictivos fijados en la Ley Núm.

---

[2] La ley sobre la Autoridad de Fuentes Fluviales, Núm. 83 del 2 de mayo de 1941, según enmendada (22 L.P.R.A. sec. 193), en lo pertinente dispone: "(b) La autoridad creada por la presente es y deberá ser una instrumentalidad gubernamental . . ., pero es una *corporación* con existencia y personalidad legales separadas y aparte de la del Gobierno y de la de los funcionarios que la controlan."; y la Ley Núm. 40 de 1 de mayo de 1945, según enmendada, creando la Autoridad de Acueductos y Alcantarillados (22 L.P.R.A. sec. 142) reza: "Por la presente se crea un cuerpo corporativo y político . . ., que constituirá una corporación pública e instrumentalidad gubernamental autónoma del Estado Libre Asociado de Puerto Rico. . . ."

104 del 29 de junio de 1955, según enmendada, (32 L.P.R.A. sec. 3077 *et seq.*).

La Administración no es una corporación, compañía, sociedad, asociación o cualquiera otra persona jurídica al amparo del lenguaje de la Regla 4.4 (e).([3]) Esta regla abarca las entidades jurídicas y asociaciones que no constituyan gobierno, sus instrumentalidades no corporativas o agencias. Tampoco puede propiamente considerarse comprendida como Estado Libre Asociado según lo establece la Regla 4.4 (f) *supra*, ya que la concesión legislativa referente a su personalidad jurídica y poder de demandar y ser demandada a los fines de eliminar su inmunidad la sacan de tal ámbito. Por los atributos limitados que posee, su ubicación en las Reglas de Procedimiento Civil corresponde al concepto de *instrumentalidad del Estado Libre Asociado*, dentro del Poder Ejecutivo, sin que sea una corporación, a la cual le es de clara aplicación la 4.4 (g) que taxativamente establece que el emplazamiento a una instrumentalidad del Estado Libre Asociado *que no fuere una corporación*, se diligencia entregando copia del mismo y de la demanda al jefe ejecutivo de la instrumentalidad concernida y al Secretario de Justicia. El aparente rigor técnico que de su faz esta decisión conlleva, se desvanece al contestarse en la afirmativa lo siguiente: al demandarse a la Administración de Parques y Recreo, ¿no se demanda, como cuestión de hecho, al Estado, pues la Administración no tiene recursos con qué pagar? No habiéndose cumplido con estos requisitos, no adquirió el tribunal de instancia jurisdicción sobre ella, y en su consecuencia erró al negarse a dejar sin efecto la sentencia en re-

---

([3]) Reza así:

"(e) A una corporación, compañía, sociedad, asociación o cualquiera otra persona jurídica, entregando copia del emplazamiento y de la demanda a un funcionario, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos."

beldía. *Claudio* v. *Casillas Mojica*, 100 D.P.R. 761, 772–773 (1972).

*En consonancia con lo expuesto, se expedirá el auto solicitado, se dictará Sentencia revocando la Resolución del Tribunal Superior, Sala de Ponce de fecha 24 de junio de 1976 y se dejará sin efecto la sentencia en rebeldía.*

El Juez Presidente Señor Trías Monge no intervino y el Juez Asociado Señor Díaz Cruz disiente con opinión en la cual concurre el Juez Asociado Señor Irizarry Yunqué.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz en la cual concurre el Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 24 de noviembre de 1976

Disiento de esta opinión que revoca una sentencia de $3,555.00 obtenida contra la Administración de Parques y Recreo Públicos porque si bien se emplazó a la Administración demandada, no se emplazó también al Secretario de Justicia. La conclusión, técnica en extremo, derrota la justicia y carece de base en ley.

La opinión de mayoría se desvía de la cuestión planteada en su mismo primer párrafo. La interrogante no es a quien debe emplazarse cuando se demanda a una instrumentalidad del Estado Libre Asociado que no es una corporación pública; sino a quien debe emplazarse cuando se demanda a la Administración de Parques y Recreo Públicos. Nadie discute que esta Administración no es corporación autónoma como las Autoridades de las Fuentes Fluviales, y Acueductos y Alcantarillados. Es una agencia del Gobierno pero a diferencia de las demás agencias, la Ley Núm. 4 de 30 de junio de 1947 (15 L.P.R.A. sec. 1 y ss.) expresamente dispuso que "la Administración [de Parques y Recreo Públicos] que por la presente se crea tendrá personalidad jurídica, podrá demandar

y ser demandada . . . ." *Cf. Texidor* v. *Admon. de Parques,* 85 D.P.R. 877, 879 (1962).

El Estado puede consentir a ser demandado y dentro de esa facultad mayor en la ley creadora de la Administración de Parques consintió expresamente que esta agencia suya fuera demandada como entidad con personalidad propia. "Tendrá personalidad jurídica" propia leído a la luz del Art. 27(1) del Código Civil (31 L.P.R.A. sec. 101(1)) quiere decir que esta entidad tiene un grado de autonomía que no le ha sido conferido a las innumerables agencias e instrumentalidades del Estado. Está bien claro para todos que la facultad de demandar y ser demandado comprende la de recibir emplazamientos. Sin embargo, la mayoría entiende que la Asamblea Legislativa realizó un acto inútil porque sólo autorizó a un reclamante contra esta Administración a presentar una demanda o quizás a dejarla en borrador en un bufete de abogado, mas no a notificársela, a menos que también se emplace al Secretario de Justicia. La notificación o emplazamiento es lo que pone en marcha el proceso adversativo, lo que concreta la reclamación, pues nadie podrá obtener sentencia sin notificar al demandado para que informado de la misma tenga su cumplido día en corte. Tan simple realidad procesal sufre una radical distorsión en el criterio mayoritario incorporando al estatuto algo que el legislador no dijo: que un tribunal no adquirirá jurisdicción sobre la Administración de Parques y Recreo a menos que se emplace al Secretario de Justicia. Toda la confusión de la opinión de mayoría arranca de su noción de que sólo las corporaciones públicas autónomas, que tienen junta de directores, emiten bonos y tienen sus propios ingresos provenientes de tarifas, pueden recibir emplazamientos. Pues en el caso de la Administración de Parques, agencia del Estado Libre Asociado, éste autorizó que se le demandara aparte. Esa fue la clara voluntad legislativa y no requiere más esfuerzo de interpretación que la lectura del estatuto. ¿Cómo se va a emplazar a esta Adminis-

tración, como quiso la Asamblea Legislativa o como prefiere la mayoría de este Tribunal?

Con inquietante reserva concede la opinión que su criterio está matizado de rigor técnico, pero la aseveración se queda corta. La mayoría está originando un modo de emplazar esta agencia distinto al ordenado por Ley, aplicando reglas de corporaciones autónomas y agencias que están por completo fuera del ámbito decisional y de la controversia específica que demanda adjudicación. ¿Qué relevancia tiene a los fines de la cuestión debatida, que la Administración de Parques carezca de fondos propios para pagar las sentencias en su contra y que sea el Estado Libre Asociado el llamado a solventarla? La Asamblea Legislativa tiene incuestionable poder para instruir y ordenar cómo se ha de demandar y emplazar al Estado y en este caso eligió un método que estamos llamados a acatar. La regulación especial de la acción civil contra esta Administración excluye la aplicación de las normas generales provistas por la Regla 4.4(f) y (g) de Procedimiento Civil.

Si el legislador hubiese querido preservar la naturaleza de Parques y Recreo como una de otras tantas agencias e instrumentalidades del Gobierno que no pueden separarse de éste al promover una acción civil porque carecen de *personalidad jurídica propia*, se hubiese abstenido de conferirle la facultad de demandar y ser demandada.

El emplazamiento, notificado personalmente al Director de la oficina de la Administración de Parques y Recreo en Ponce, cumple con la Regla 4.4(e) de Procedimiento Civil que ordena que el diligenciamiento (de demanda y emplazamiento) se hará de la siguiente manera: "[a] ... *cualquiera otra persona jurídica* [sin que necesariamente pueda clasificarse como corporación, compañía, sociedad o asociación] entregando copia del emplazamiento y de la demanda a un funcionario, gerente administrativo o agente general." (Énfasis suplido.)

¿Cabe en un recto principio de interpretación que quien tiene personalidad jurídica propia, facultad para demandar y ser demandada, para contratar y hasta para utilizar el poder de expropiación forzosa, no puede ser emplazada sin el concurso del Secretario de Justicia? Comprendemos la conveniencia de que el Departamento de Justicia intervenga en pleitos contra organismos y agencias públicos pero en este caso la ley creadora de la Administración de Parques dejó esa función a la práctica administrativa sin exigir la formalidad de una entrega de papeles al Secretario.

La Regla 4.4 (e) es clara al decir cómo se emplaza a una persona jurídica. De esa cualidad invistió el legislador a la Autoridad de Parques y Recreo. Y al añadir que tendrá facultad para demandar y ser demandada, no se la restringió de modo alguno, ni siquiera con la condición de que las reclamaciones contra dicha Administración se notificaran al Secretario de Justicia. Las Reglas de Procedimiento Civil no pueden imponer una condición que la ley especial creadora de la Administración de Parques y Recreo no contiene.

La demandante recurrida cumplió con la Ley y las Reglas que nada mencionan sobre emplazamiento del Secretario de Justicia. Ella sólo conocía el Derecho declarado en la letra de dichas disposiciones legales, y no podía anticipar la solución que se le da a este asunto. El accidente grave que sufrió en su carne y en su espíritu ocurrió el 12 de marzo de 1974. Está franca la puerta para la segunda cuestión "jurisdiccional".

Hemos sucumbido al hipnotismo de la interpretación conceptista que privó en una época y que creíamos desterrada por la Regla 1ª de Procedimiento Civil.

Desestimaría, por frívolo, el recurso del Estado Libre Asociado.