EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Carlos Fred Reyes y otros<br>      Recurrentes<br><br>      v.<br><br>Estado Libre Asociado de Puerto Rico<br>      Recurrido | Certiorari<br><br>2000 TSPR 49 |
| --- | --- |

Número del Caso: CC-1999-0194

Fecha: 24/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Zaida Hernández Torres

Abogado de la Parte Peticionaria: Lcdo. Diego Ledee Bazán

Abogada de la Parte Recurrida: Lcda. Irene s. Soroeta Kodesh

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

CC-1999-194

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Fred Reyes y otros

    Recurrentes

        v.                    CC-1999-194      Certiorari

Estado Libre Asociado de P.R.

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico, a 24 de marzo de 2000.

I

El 24 de marzo de 1998, el señor Carlos Fred Reyes (en adelante "el peticionario") presentó una demanda contra el Estado Libre Asociado de Puerto Rico (en adelante "el E.L.A."). Alegó que adquirió del Departamento de la Vivienda (en adelante "el Departamento") un inmueble ubicado en el Barrio Machete de Guayama, Puerto Rico y que no pudo inscribir su título en el Registro de la Propiedad, ya que el E.L.A. no sometió los planos correspondientes. Arguyó, además, que la Autoridad de Energía Eléctrica (en adelante "la A.E.E.") se negó a proveerle los servicios de energía eléctrica porque el E.L.A. no cumplió con sus

requerimientos. Reclamó cincuenta mil dólares ($50,000.00) por las angustias y tormentos mentales, como consecuencia del incumplimiento del E.L.A.

Así las cosas, el 13 de abril de 1998, el peticionario emplazó al Secretario de Justicia. Nunca emplazó al Secretario del Departamento de la Vivienda.

El 22 de abril de 1998, el peticionario presentó ante el Tribunal de Primera Instancia una "Moción sobre Remedio Provisional" solicitando se obligara al E.L.A. a proveerle el servicio de energía eléctrica. Tras la presentación de sendas mociones del peticionario, el 27 de mayo de 1998, el E.L.A. presentó ante el tribunal de instancia una "Moción de Desestimación" al amparo de la Regla 4.4(g) de Procedimiento Civil, 32 L.P.R.A. Ap. III. A raíz de ello, el tribunal le concedió término al peticionario para que contestara dicha moción. En el interim, el E.L.A. presentó una "Segunda Moción de Desestimación" arguyendo que la A.E.E. era una parte indispensable en el pleito, por lo que procedía la desestimación de la demanda por falta de parte indispensable y por no haber sometido a dicha parte a la jurisdicción del Tribunal de Primera Instancia.

El 3 de julio de 1998, el tribunal de instancia dictó sentencia desestimando la demanda. Señaló que el peticionario se allanó a lo solicitado por el E.L.A. al no oponerse oportunamente a la solicitud de desestimación.

El 8 de julio de 1998, el peticionario se opuso a la solicitud de desestimación del E.L.A. alegando que la Regla 4.4(g) de Procedimiento Civil, *supra*, no aplica al caso de autos; que el Departamento carece de personalidad jurídica; y que la A.E.E. no es parte indispensable. El 17 de julio de 1998, el tribunal de instancia denegó la misma señalando que "no encontramos razón para dejar sin efecto nuestra sentencia del 3

de julio de 1998."[1]   Tras presentar moción de reconsideración, la cual fue denegada, recurrió ante el Tribunal de Circuito de Apelaciones mediante recurso de apelación.   Adujo que el tribunal de instancia incidió al interpretar erróneamente las disposiciones de la Regla 4.4 de Procedimiento Civil, *supra;* al concluir que era necesario emplazar al Secretario del Departamento de la Vivienda;  y al resolver que la A.E.E. era parte indispensable en el pleito.

El 16 de octubre de 1998, el tribunal apelativo confirmó la sentencia apelada estableciendo que el Departamento es una instrumentalidad del E.L.A. con capacidad para demandar y ser demandado, por lo que correspondía emplazarle conforme a la Regla 4.4(g) de Procedimiento Civil, *supra.*

Oportunamente, el peticionario presentó moción de reconsideración fundamentándose en la falta de capacidad jurídica del Departamento.  El tribunal apelativo acogió la moción y le ordenó al E.L.A. exponer su posición en torno a la misma.  El tribunal apelativo denegó dicha moción mediante resolución de 19 de febrero de 1999, notificada a las partes el 26 de febrero de 1999.

De este dictamen, el peticionario recurre ante nos mediante petición de certiorari señalando los siguientes errores:

> "[i]ncidió el Tribunal de Circuito de Apelaciones al confirmar la sentencia emitida por el Tribunal Superior, Sala de Guayama, interpretando de forma errónea las disposiciones de la Regla 4.4 de Procedimiento Civil y concluir que era necesario emplazar al Departamento de la Vivinda [sic] para adquirir jurisdicción sobre el E.L.A.
>
> Incurrió en error el Tribunal de Circuito de Apelaciones al brindar su avál [sic] a la sentencia del Tribunal Superior y permitir la desestimación de la demanda y resolver, sin discutirlo, que la Autoridad de Energía Eléctrica, es parte indispensable en el pleito."

---

[1] Apéndice, pág. 29.

El 23 de abril de 1999, expedimos auto de certiorari. Con el beneficio de ambas comparecencias, estamos preparados para resolver.

## II

El Departamento de la Vivienda fue creado por la Ley Núm. 97 de 10 de junio de 1972, conocida como la Ley Orgánica del Departamento de la Vivienda, 3 L.P.R.A. sec. 441 *et seq*. Es un departamento ejecutivo de gobierno dirigido a elaborar y ejecutar la política pública de la vivienda y el desarrollo comunal del Estado Libre Asociado de Puerto Rico.[2]

La Regla 4.4 de Procedimiento Civil, *supra*, regula el diligenciamiento personal del emplazamiento y la demanda. En lo pertinente, los incisos (e), (f) y (g) establecen a quién debe entregarse el emplazamiento en ciertos casos. Disponen que:

> (e) A una corporación, compañía, sociedad, asociación o cualquiera otra persona jurídica, entregando copia del emplazamiento y de la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos.
> (f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario de Justicia, o a una persona designada por éste.
> (g) A un funcionario o a una instrumen-talidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o al jefe ejecutivo de dicha instrumentalidad. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no fuere una corporación pública, el demandante entregue copia del emplazamiento y de la demanda al Secretario de Justicia o a la persona que éste designe. Si la instrumen-talidad fuere una corporación pública, entregando las copias a tenor con lo dispuesto en la Regla 4.4(e).

---

[2] Véase, 3 L.P.R.A. secs. 441a y 441b.

En *Rivera Maldonado v. E.L.A.,* 119 D.P.R. 74, 82 (1987), sostuvimos que, como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico.[3]

En *Huertas Alicea v. Compañía Fomento* Recreativo, Opinión de 4 de noviembre de 1998, 98 T.S.P.R. 147, 98 J.T.S. 144, reiterando a *Canchani v. C.R.U.V.,* 105 D.P.R. 352, (1976), resolvimos que para que una entidad gubernamental tenga capacidad para demandar y ser demandada, la ley habilitadora de dicha agencia ha de reconocerle expresamente tal facultad o, en su defecto, debe inferirse razonablemente del esquema estatutario.[4] Además, hicimos referencia a los criterios a examinar para determinar si una entidad gubernamental es una corporación pública.[5] Estos son: poseer ingresos propios; tener autonomía fiscal para realizar préstamos; emisión de bonos y cuentas bancarias; poseer propiedades; contar con una Junta de Directores; poder aceptar donaciones; y tener capacidad para concertar acuerdos o contratos. *Huertas Alicea v. Compañía Fomento Recreativo, supra*, pág. 258.; *C.E.S. v. Rosselló González,* Opinión de 23 de septiembre de 1994, 137 D.P.R. \_\_\_, 94 J.T.S. 125; *Pagán et al. v. E.L.A. et al.,* 131 D.P.R. 795, 804-805 (1992).

A la luz de los fundamentos expuestos, procedemos a aplicarlos al caso de autos.

III

En el presente caso, tanto el tribunal de instancia como el tribunal apelativo erróneamente concluyeron que el Departamento

---

[3] Véase, además, *Torres v. Depto. Recreación y Deportes*, 115 D.P.R. 141 (1984).

[4] Véase, además, *Rivera Maldonado v. E.L.A., supra*, pág. 81.

de la Vivienda es una instrumentalidad del E.L.A., en cuyo caso, le aplica el inciso (g) de la Regla 4.4 de Procedimiento Civil, *supra*. También incidieron al sostener que el tribunal de instancia carecía de jurisdicción en el presente caso, por cuanto el Secretario del Departamento de la Vivienda no fue emplazado.

Es de notar que, en nuestra legislación, el concepto "instrumentalidad" no tiene un significado concreto. Sobre el particular, el Secretario de Justicia señaló que: "[A]l crearse organismos administrativos con personalidad corporativa éstos se han denominado indistintamente 'instrumentalidades', 'entidades públicas corporativas' o 'autoridades'. (Cita omitida.)"[6]

Existe una diferencia entre un departamento o agencia del gobierno y una corporación o instrumentalidad pública. Una corporación pública tiene facultad para demandar y ser demandada y, a su vez, genera sus propios fondos. Por el contrario, una instrumentalidad pública, aunque puede demandar y ser demandada, no genera sus propios fondos; los mismos provienen del E.L.A. Finalmente, un departamento del gobierno, por no tener personalidad jurídica, no puede demandar ni ser demandado independientemente del estado.

Cabe señalar que, la Ley Orgánica del Departamento de la Vivienda, *supra*, no dispone que el Departamento sea una instrumentalidad o corporación pública con personalidad jurídica independiente del E.L.A. Tampoco le confiere capacidad para demandar y ser demandado. Además, en *Pagán et al. v. E.L.A. et al., supra,* págs. 807-808, aclaramos que el propósito de adscribir la C.R.U.V. al Departamento no fue fusionar ambas entidades ni absorber en una la personalidad de la otra, sino

---

[5] En *A.A.A. v. Unión Empleados A.A.A.,* 105 D.P.R. 437 (1976), ampliamos dichos criterios para incluir otros factores a considerarse.

[6] XXIX Op. Srio. Just. Núm. 3 de 1958.

uniformar y centralizar la formulación de la política pública relativa a la vivienda en Puerto Rico.

En dicho caso nos tocó resolver si el E.L.A., a través del Departamento de la Vivienda, responde civilmente por actos u omisiones negligentes atribuibles a la Corporación de Renovación Urbana y Vivienda (C.R.U.V.). Contestamos en la negativa. Resolvimos que la C.R.U.V. es una corporación pública con personalidad jurídica propia, separada e independiente del E.L.A., que además goza de capacidad para demandar y ser demandada. Por tal razón, es la única responsable de sus actos.

Allí, también, equiparamos al Departamento de la Vivienda con el E.L.A. Al dilucidar si el E.L.A. adquirió responsabilidad al disolverse la C.R.U.V., añadimos que ésta "mantiene una personalidad jurídica distinta y separada del Departamento de la Vivienda, y por lo tanto, del E.L.A." *Id.*, pág. 809. Es decir, el Departamento adquirió las facultades de la C.R.U.V., no así su capacidad para demandar y ser demandada.

Concluimos que el Departamento de la Vivienda, al igual que el Departamento de Servicios Sociales[7], es un departamento ejecutivo de gobierno. Se colige de su estatuto creador que el Departamento goza de poderes y facultades limitados. Además, a tenor de lo resuelto en *Canchani v. C.R.U.V.*, *supra*, la falta de disposición legal expresa estableciendo que se trata de una corporación o instrumentalidad del gobierno con personalidad jurídica independiente del E.L.A., nos compele a resolver que el Departamento de la Vivienda es un departamento ejecutivo que carece de personalidad jurídica separada y distinta del E.L.A.

Por los fundamentos esbozados concluimos que el peticionario actuó correctamente al emplazar únicamente al

---

[7] Véase, *Negrón v. Depto. Servicios Sociales*, 105 D.P.R. 873, 875 (1977).

Secretario de Justicia, al amparo de la Regla 4.4(f) de Procedimiento Civil, *supra*.

IV

El peticionario argumentó, en segundo lugar, que incidió el tribunal apelativo al confirmar el dictamen del tribunal de instancia desestimando la demanda bajo el

fundamento de que la A.E.E. es parte indispensable en el pleito.

La Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone con respecto a la acumulación indispensable de partes que:

> "[l]as personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada."

En *Cepeda Torres v. García Ortiz*, 132 D.P.R. 698, 704 (1993), reiterando a *Fuentes v. Tribl. de Distrito*, 73 D.P.R. 959, 981 (1952), definimos a una parte indispensable como "aquella persona cuyos derechos e intereses podrían quedar destruídos [sic] o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio." Por ende, de no incluir a dicha parte en el pleito, la sentencia dictada no sería válida. *Unisys v. Ramallo Brothers*, 128 D.P.R. 842, 859 (1991).

En *Cepeda Torres v. García Ortiz, supra,* sostuvimos, además, que la Regla 16.1 de Procedimiento Civil, *supra,* "se inspira en dos (2) axiomas que preordenan nuestro quehacer jurídico. El primero es la protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. (Citas omitidas.) El segundo es la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo...."

En *Metropolitan Marble Corp. v. Pichardo*, Opinión de 29 de mayo de 1998, 145 D.P.R. ___, 98 J.T.S. 65, señalamos que el propósito de la Regla 16.1 de Procedimiento Civil, *supra,* es proteger a las personas ausentes de los posibles efectos perjudiciales de la resolución del caso y evitar la multiplicidad de pleitos.[8]

Sobre el particular, en *Martínez Soria Ex Parte,* Opinión de 1 de noviembre de 1995, 139 D.P.R. ___, 95 J.T.S. 143, resolvimos que cuando a una persona ausente no se le ha brindado oportunidad para salvaguardar unos derechos, no se le puede imprimir finalidad a la adjudicación de la controversia medular. No basta con que el ausente haya sido informado de su oportunidad de intervenir en el pleito; ha de ser acumulada como parte. Lo contrario, conllevaría la desestimación del pleito.

En el presente caso, el peticionario no tenía reclamación alguna contra la A.E.E. Su propósito al mencionar a la A.E.E. en la cuarta alegación de la demanda no fue imputarle a ésta responsabilidad, sino demostrar el incumplimiento del E.L.A.[9] Además, de los hechos no se desprende que existiera relación contractual alguna entre el peticionario y la A.E.E. Tampoco podemos inferir que los intereses de la A.E.E. puedan verse

---

[8] Véase, además, *Cepeda Torres v. García Ortiz, supra; Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407 (1982).

[9] La cuarta alegación de la demanda (Apéndice, págs. 11-12) lee como sigue:

continúa...

[9] ...continuación

> "[a]demás, la parte demandante, aunque se ha sacrificado e invertido sus ahorros en el inmueble y ha tomado préstamos para poder cumplir con el pago de su hipoteca, no ha podido habitar su casa, toda vez que la Autoridad de Energía Eléctrica se ha negado a proveer servicio de energía eléctrica, por haberse negado la parte demandada a cumplir con lo exigido por aquella [sic]."

adversamente afectados por la resolución del presente caso. Por las razones que anteceden, resolvemos que la A.E.E. no es parte indispensable en el pleito.[10]

En vista de lo anterior, concluimos que el Tribunal de Circuito de Apelaciones erró al confirmar la sentencia emitida por el tribunal de instancia desestimando la demanda en contra del E.L.A. --por entender que era imprescindible emplazar al Secretario del Departamento de la Vivienda para adquirir jurisdicción sobre el E.L.A.-- y resolviendo, sin discutirlo, que la A.E.E. era parte indispensable en el presente caso.

Expedido previamente el auto de certiorari, revocamos la sentencia del Tribunal de Circuito de Apelaciones de 16 de octubre de 1998 y la sentencia del Tribunal de Primera Instancia de 3 de julio de 1998, y devolvemos el caso al tribunal de instancia para la continuación de los procedimientos, en armonía con lo aquí dispuesto.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

---

[10] De haber sido parte indispensable, tampoco procedía la desestimación del pleito. Véase, Regla 18 de Procedimiento Civil, *supra*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Fred Reyes y otros

    Recurrentes

       v.                    CC-1999-194     Certiorari

Estado Libre Asociado de P.R.

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 24 de marzo de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente y expedido previamente el auto de certiorari, revocamos la sentencia del Tribunal de Circuito de Apelaciones de 16 de octubre de 1998 y la sentencia del Tribunal de Primera Instancia de 3 de julio de 1998, y devolvemos el caso al tribunal de instancia para la continuación de los procedimientos, en armonía con lo aquí dispuesto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri concurren con el resultado sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo