ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| MADELINE RIVERA ROSADO<br><br>Recurrido<br><br><br>v.<br><br><br>JUDITH LÓPEZ RIVERA, DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO, MJ CONSULTING & DEVELOPMENT INC, JOHN DOE Y JANE DOE<br><br>Peticionario | KLCE202400653 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2023CV04211<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece el Departamento de la Vivienda de Puerto Rico (peticionario o Departamento) y nos solicita la revocación de una *Resolución* emitida el 22 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario). En esta, el TPI denegó la solicitud de desestimación de la causa interpuesta por el Departamento.

Por los fundamentos que se exponen a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

Madeline Rivera Rosado (recurrida o Rivera Rosado) incoó una demanda contra el Departamento de la Vivienda de Puerto Rico y MJ Consulting Development, Inc. De las alegaciones se desprende que, por hechos constitutivos de acecho, Rivera Rosado obtuvo una orden de protección al amparo de la Ley Núm. 284-1999 (Ley contra el Acecho en Puerto Rico) a su favor y en contra de Judith López

Número Identificador

SEN2024_____

Ortiz (López Ortiz). López Ortiz reside en una propiedad alquilada por el Departamento de la Vivienda. Dicha propiedad colinda con la residencia de la demandante en el municipio de Cayey. En su demanda expuso que, existe un caso criminal pendiente en contra de López Ortiz, por alegado intento de asesinato a la demandante y a su hija menor y por maltrato a menores.[1] Por dichos sucesos, la recurrida solicitó a la agencia y a MJ Consulting, (entidad subcontratada y a cargo de la administración), remover o reubicar a López Ortiz de la referida propiedad. Ante la presunta inacción de los demandados, Rivera Rosado suplicó al foro primario que, ordenara el desalojo de López Ortiz. Además, solicitó el resarcimiento por las angustias y sufrimientos mentales sufridos, entre otros.

En reacción, la parte peticionaria presentó una moción dispositiva al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. En esta planteó que, la demandante incumplió con las disposiciones requeridas para emplazar a la agencia. Ello, por no emplazar al Secretario de Justicia conforme exige la Regla 4.4 de las Reglas de Procedimiento Civil, *supra*. Añadió que, al haber transcurrido el término de 120 días que dispone la Regla 4.3(c) de Procedimiento Civil, *supra*, para diligenciar el emplazamiento a una instrumentalidad del Estado Libre Asociado de Puerto Rico procedía la desestimación de la causa.[2]

Rivera Rosado se opuso al referido petitorio dispositivo.[3] Sin embargo, en su moción indicó lo siguiente y citamos:

[…]

El 15 de diciembre de 2023, el Honorable Tribunal expidió los correspondientes emplazamientos para ser diligenciados. Por tanto, la parte Demandante tenía hasta el 15 de abril del 2024 para diligenciar los emplazamientos.

---

[1] ELE2023G0162 y 163, ELA2023G0214 unido a E4CR202300030.
[2] Apéndice, págs. 2-8.
[3] Apéndice, págs. 22-24.

[...]

Con fecha del 23 de abril del 2024, la parte co-Demandada radicó Solicitud de Desestimación por omisión de emplazamiento al Secretario de Justicia de Puerto Rico, posterior a término de (120) días dispuestos por las Reglas de Procedimiento Civil.

Según el propio expediente judicial podemos concluir que, desde el 19 de marzo de 2024, el Departamento de Vivienda tenía conocimiento de error subsanable sobre falta de emplazamiento al Secretario de Justicia.

No obstante, el Departamento de la Vivienda intencionalmente guard[ó] silencio hasta el 23 de abril de 2024, con la única intención de vencer el término de (120) días dispuestos por las Reglas de Procedimiento Civil.

Por tal razón, solicitamos respetuosamente de este Honorable Tribunal, declare no ha lugar la solicitud de desestimación en su consecuencia ordene a la Secretaria expedir el correspondiente emplazamiento para el Secretario de Justicia.

Evaluado lo anterior, el 22 de mayo de 2024, el TPI denegó la moción de desestimación presentada por el Departamento. En particular, el foro primario consignó lo siguiente:

No ha lugar desestimación.

Departamento de la Vivienda es una corporación pública, quedando emplazado conforme la Regla 4: Si la instrumentalidad es una corporación pública, entregando las copias según lo dispuesto en la Regla 4.4(e).[4]

Mediante una oportuna solicitud de reconsideración,[5] el Departamento explicó que, distinto a lo expuesto por el TPI, el Departamento de la Vivienda es una instrumentalidad del Estado Libre Asociado que requiere que se diligencie un emplazamiento al Secretario de Justicia, cosa que no ocurrió en este caso, lo cual fue admitido por la propia parte demandante. El TPI rechazó el referido petitorio,[6] por lo que, aún inconforme, el peticionario acude ante esta Curia por entender que el foro judicial cometió el siguiente error:

Erró el TPI al declarar no ha lugar la moción de desestimación presentada por la parte demandada cuando claramente la parte demandante incumplió con las disposiciones de la Regla 4 de Procedimiento Civil de Puerto

---

[4] Apéndice, pág. 1.
[5] Apéndice, págs. 9-12.
[6] Apéndice, pág. 13.

Rico sobre cómo se debe emplazar una instrumentalidad del Estado Libre Asociado de Puerto Rico.

Emitimos una *Resolución* en la cual concedimos un término a la parte recurrida para exponer su posición. No obstante, transcurrido mayor término a lo concedido, la parte recurrida no ha comparecido. Ante ello y según advertido, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

## B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, *supra,* viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas:(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

## C. Emplazamiento al Departamento de la Vivienda y Jurisdicción

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* 2024 TSPR 10, resuelto el 7 de febrero de 2024. A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd.* Cónsono con lo anterior, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el

demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

Sobre el término para diligenciar el emplazamiento, el inciso (c) de la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone:

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El Tribunal Supremo resolvió en *Bernier González v. Rodríguez Becerra,* 200 DPR 637 (2018), que el término dispuesto en la Regla 4.3 antes citada es improrrogable.[7] Por tanto, transcurridos los 120 días sin que la parte demandante haya diligenciado el emplazamiento, el foro primario deberá cerciorarse de que, en efecto, el emplazamiento no fue diligenciado dentro del término en cuestión. *Ross Valedón y otro v. Hospital Dr. Susoni Health Community Services, Corp. y otros,* supra. Cumplido lo anterior, el tribunal deberá intervenir con prontitud para desestimar sin perjuicio la causa de acción.

Es de notar que, la Regla 4.3 (c) no provee discreción al tribunal para extender el referido término, por lo que la Regla 68.2 de las de Procedimiento Civil resulta inaplicable para prorrogar el término para emplazar. *Bernier González v. Rodríguez Becerra,* supra, pág. 649.

---

[7] Cabe señalar que, en *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022), el Tribunal Supremo resolvió que, a modo excepcional, la suspensión de todo procedimiento que surge a raíz de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, también aplica al término para diligenciar el emplazamiento. Es decir, se detiene el término de 120 días hasta tanto la fianza de no residente sea prestada.

De otra parte, debemos destacar que, por ser el emplazamiento un mecanismo de estirpe constitucional, los requisitos para llevarlo a cabo dispuestos en la Regla 4 de Procedimiento Civil (32 LPRA Ap. V), son de cumplimiento estricto. *In re Rivera Ramos,* 178 DPR 651, 666–667 (2010); *Global v. Salaam,* 164 DPR 474, 480 (2005).

La razón para esto es que, el requisito de emplazar está contemplado dentro del derecho constitucional, dentro del campo del debido proceso de ley. R. Hernández Colón, *Derecho Procesal Civil,* 5ta ed., San Juan, LexisNexis, 2010, pág. 221. Además de ser una violación al debido proceso de ley, la falta de diligenciamiento de un emplazamiento priva a los foros judiciales de adquirir jurisdicción sobre una persona e invalida cualquier dictamen judicial en su contra. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997). Por tanto, no es hasta que se diligencia correctamente un emplazamiento y se adquiere jurisdicción sobre una persona que se le puede considerar parte en el caso, aunque previamente haya sido nombrada en el epígrafe. *Íd.*

A esos efectos, la Regla 4.4 de Procedimiento Civil, *supra,* dispone, en lo pertinente a la controversia ante nos, que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien le hizo entrega. El diligenciamiento se hará de la manera siguiente:
> [ … ]
> (f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.
> (g) A un funcionario o una funcionaria, o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o dicha funcionaria, o al jefe ejecutivo o jefa ejecutiva de dicha dependencia. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario funcionaria o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o la Secretaria de Justicia o a la persona que designe. Si la dependencia es

una corporación pública, se entregará las copias según lo dispuesto en la Regla 4.4(e).
[...].

De la regla anteriormente transcrita se puede colegir que, el emplazamiento dirigido al ELA deberá diligenciarse al Secretario de Justicia o a la persona designada, mientras que un emplazamiento dirigido a una instrumentalidad o funcionario del ELA, que no fuese corporación pública, se diligencia con la entrega de copia de éste y de la demanda al jefe ejecutivo de la instrumentalidad concernida *y al Secretario de Justicia.*

Atinente al recurso ante nos, es preciso señalar que, en *Rodríguez Torres v. Aut. Edif. Pubs*, 141 DPR 362, 367 el Tribunal Supremo estableció que, en nuestro ordenamiento hay tres (3) grandes tipos de entidades públicas a saber: (1) las agencias o los departamentos del Gobierno; (2) las corporaciones públicas creadas por estatuto, y (3) las corporaciones de emisión de acciones, organizadas al amparo de las leyes de corporaciones privadas, que son controladas parcial o totalmente por el Gobierno.

Cónsono con lo anterior, es norma reiterada en nuestro ordenamiento jurídico que "un departamento ejecutivo no tiene responsabilidad jurídica distinta y separada del Estado Libre Asociado de Puerto Rico." *Fred y otros v. E.L.A.,* 150 DPR 599, 605-606 (2000). En este caso el Tribunal Supremo distinguió el Departamento de la Vivienda de lo que antes se conocía como la Corporación de Renovación Urbana y Vivienda (C.R.U.V.). En esa ocasión el Alto Foro resolvió que la C.R.U.V era una corporación pública no así el Departamento de la Vivienda. Reiteró que los criterios para determinar si una entidad gubernamental es una corporación pública son: poseer ingresos propios; tener autonomía fiscal para realizar préstamos; emisión de bonos y cuentas bancarias; poseer propiedades; contar con una Junta de Directores; poder aceptar donaciones, y tener capacidad para concertar

acuerdos o contratos. *Íd.* Añadió al análisis pertinente que, (de cumplirse o no con los criterios antes señalados) se requiere específicamente que la ley habilitadora de la agencia concernida, reconozca la facultad de la entidad gubernamental para demandar y ser demandado. Citando a *Huertas v. Cía. Fomento Recreativo*, 147 DPR 12 (1998) reiterando a *Canchani v. C.R.U.V.* 105 DPR 352 (1976) sostuvo: "para que una entidad gubernamental tenga la capacidad para demandar y ser demandado, la ley habilitadora de dicha agencia ha de reconocerle expresamente tal facultad o en su defecto, debe inferirse razonablemente del esquema estatutario". Íd. a la pág. 605.

Por tanto, para que una entidad gubernamental tenga capacidad por sí para demandar y ser demandada, debe constar de manera clara y expresa en su ley habilitadora. Lo antes necesariamente incide en la forma correcta de emplazar a una entidad gubernamental ya que de no emplazarse conforme a lo dispuesto en la precitada Regla 4.4, *supra,* el tribunal no adquiere jurisdicción sobre la agencia ni sobre el Estado. *Canchani v. C.R.U.V.,* 105 DPR 352 (1976).

Ante ello, es preciso consignar lo que establece la ley habilitadora del Departamento de la Vivienda.

La Ley Núm. 97 del 10 de junio de 1972, según enmendada, 3 LPRA sec. 441 *et seq.*, es el estatuto que creó el Departamento de la Vivienda. Dicha ley le confiere al Secretario de la Vivienda (Secretario) una serie de facultades y deberes, entre los cuales se encuentra la formulación de política pública sobre vivienda, nombrar el personal del Departamento, planificar, dirigir y supervisar el funcionamiento de la agencia y sus programas. Añadido a lo anterior, la Ley Núm. 97, *supra,* le confiere al Secretario poder y facultad de adoptar, enmendar y derogar los reglamentos necesarios para cumplir con los propósitos de la Ley Núm. 97, *supra,*

adquirir o disponer de bienes, entrar en convenios, otorgar y ejecutar todos los instrumentos legales necesarios para el ejercicio de sus poderes. 3 LPRA sec. 441c.

Cónsono con lo anterior, en *Rivera Maldonado v. E.L.A.,* 119 DPR 74, 82 (1987), el Tribunal Supremo sostuvo que, como regla general, un departamento ejecutivo no tiene personalidad jurídica distinta y separada del ELA, salvo que se le delegue por mandato legislativo.

Al entender sobre similar controversia y revisar la Ley Orgánica del Departamento de la Vivienda, *supra*, el Tribunal Supremo determinó en *Fred y Otros v. E.L.A.* supra, que, dicho estatuto no dispone que el Departamento de la Vivienda sea una instrumentalidad o corporación pública con personalidad jurídica independiente del Estado Libre Asociado, ya que, no se le confiere capacidad para demandar y ser demandado.  A esos efectos, goza de facultades y poderes limitadas. En ausencia de una disposición expresa en dicho estatuto, el Alto foro resolvió que, el Departamento de la Vivienda es un departamento ejecutivo que carece de personalidad jurídica separada y distinta del Estado Libre Asociado. Véase, además, lo resuelto en *Cirino González v. Adm Corrección,* 190 DPR 14 (2014).

**III.**

En esencia, la parte peticionaria nos solicita la revocación de la determinación recurrida, por entender que, el TPI incidió al no desestimar la demanda en contra del Departamento de la Vivienda, por no haber emplazado el Secretario de Justicia, conforme a lo dispuesto por la Regla 4.4 (f) y (g) de Procedimiento Civil (32 LPRA Ap. V.) y dentro del término jurisdiccional de 120 días. Le asiste la razón.

De la normativa antes reseñada, nos resulta evidente que, la entrega de la demanda y el emplazamiento al Secretario de Justicia

es un *requisito indispensable en todo pleito que se inste en contra de un funcionario o instrumentalidad del ELA, que no sea una corporación pública* conforme a la Regla 4.4 (g) de Procedimiento Civil, *supra.* De la ley orgánica del Departamento de la Vivienda antes reseñada, surgen las facultades delegadas por el legislador a un departamento ejecutivo de gobierno. A pesar de ostentar las facultades, poderes y deberes antes mencionados, no hallamos que la Ley Núm. 97, *supra,* le haya dado al Departamento de la Vivienda o al Secretario la capacidad jurídica de demandar y ser demandado de forma independiente al ELA. Por lo anterior, precisa concluir que, la Ley Núm. 97, *supra,* no le confiere al Departamento de la Vivienda personalidad jurídica propia, razón por la cual, no está facultado para demandar o ser demandado. Curiosamente, el TPI, sin consignar fundamento alguno, consideró al Departamento de la Vivienda como una corporación pública, por lo que determinó que, no era necesario exigir el cumplimiento estricto de las citadas reglas procesales atinentes al emplazamiento. Al así determinar incidió en su proceder, toda vez que, para adquirir jurisdicción sobre el Departamento de la Vivienda, -que no reúne todos los criterios de una corporación pública y tampoco goza de una delegación estatutaria expresa para demandar o ser demandado de dichas facultades- era necesario que la demandante diligenciara el emplazamiento al Secretario de Justicia para que el foro primario adquiriera jurisdicción sobre dicha parte. Lo antes resulta evidente particularmente de lo resuelto por el Tribunal Supremo en *Fred y Otros v. E.L.A.,* supra.

En su consecuencia y según se desprende de nuestro análisis sosegado del tracto procesal en este caso, concluimos que, ha transcurrido el término jurisdiccional permitido para efectuar el emplazamiento al Departamento de la Vivienda, conforme a derecho. Lo antes necesariamente incide en la jurisdicción del foro primario

sobre la parte peticionaria en la presente causa. Conforme lo establecido en las reglas procesales y la jurisprudencia aplicable, al vencimiento del término de 120 días (desde la presentación de la demanda), el foro primario carece de jurisdicción para atender la reclamación en contra del Departamento de la Vivienda.

De hecho, es de notar que, la propia parte demandante, mediante su escrito en reacción al petitorio dispositivo, aceptó los hechos procesales e indicó que el asunto era subsanable y solicitó que se expidiera un emplazamiento al Secretario de Justicia con posterioridad al término jurisdiccional de 120 días. Dicha solicitud resulta a destiempo e ineficaz conforme la normativa aplicable. Por ello y a tenor con la normativa expuesta, procede desestimar *sin perjuicio* la causa de acción incoada en contra del Departamento de la Vivienda.

A esos efectos y luego de nuestro cuidadoso examen de la presente causa, a la luz de los criterios establecidos en la Regla 40, *supra*, procede la expedición del auto de *certiorari* y la revocación el dictamen recurrido.

**IV.**

Por los fundamentos antes esbozados, expedimos el auto de *certiorari*, revocamos el dictamen impugnado y desestimamos *sin perjuicio* la causa de acción incoada por la Sra. Rivera Rosado en contra del Departamento de la Vivienda. Se devuelve el asunto al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones